PIERCE v JOHNSON

WORKMEN'S COMPENSATION—REDUCED WEEKLY PAYMENTS—STATUTES.
Workmen's Compensation Act amendment of 1965, which reduces
the weekly compensation payments of a claimant following
his 65th birthday, does not apply to persons over 65 at the
time the amendment was passed (MCLA 412.9[g]).

Appeal from Workmen's Compensation Appeal
Board.   Submitted Division 3 February 2, 1972 at
Grand Rapids.   (Docket No. 10984.)   Decided February 28, 1972.   Leave to appeal denied, 387 Mich
787.

Elmer H. Pierce presented his claim for workmen's compensation against Tyrus K. Johnson and
Maryland Casualty Company.   Workmen's Compensation Appeal Board affirmed award.   Defendants
appeal.   Affirmed.

*Williams, Coulter & Forster,* for plaintiff.

*Cholette, Perkins & Buchanan, (Edward D. Wells,*
of counsel), for defendants.

Before: FITZGERALD, P. J., and R. B. BURNS and
HOLBROOK, JJ.

PER CURIAM.   Plaintiff lost an eye when a pine
needle pierced it while he was bailing Christmas

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 33.

trees for defendant on November 24, 1967. Plaintiff was 81 years old.

This appeal from the Workmen's Compensation Appeal Board involves the interpretation of the act, more specifically MCLA 412.9(g); MSA 17.159(g), as amended in 1965.

"When an employee who is receiving weekly payments or is entitled to weekly payments reaches the age of 65, the weekly payments for each year following his sixty-fifth birthday shall be reduced by 5% of the weekly payments paid or payable at age 65, but not to less than 50% of the weekly benefit paid or payable at age 65; so that on his seventy-fifth birthday the weekly payments shall have been reduced by 50%; after which there shall be no further reduction for the duration of the employee's life. In no case shall weekly payments be reduced below the minimum weekly benefit as provided in this act."

The board held that this particular section of the act did not apply to persons over the age of 65 at the time of passage of the amendment.

We agree. Affirmed. Costs to plaintiff.