FREIJ v ST. PETERS EVANGELICAL LUTHERAN CHURCH

1. Workmen's Compensation—Statutes—Amendments—Construc-
   tion of Amendment—Intent of Amendment—Reduction of
   Benefits—Retroactive Application.

   An amendment to the Workmen's Compensation Act which pro-
   vides that weekly payments to an injured workman who
   reaches the age of 65 shall not be reduced where the recipient
   is not eligible for Federal social security benefits, is remedial in
   nature and merely expands a remedy previously in effect
   rather than creating a new cause of action; the amendment
   affects no vested right of an employer defendant and reveals no
   express intent that the amendment should be applied prospec-
   tively only, therefore, the amendment should be given retroac-
   tive effect and be made applicable to cases in which the injury
   had occurred prior to the effective date of the amendment
   (MCLA 418.357[2]; MSA 17.237[357][2]).

2. Workmen's Compensation—Statutes—Amendments—Intent of
   Amendment—Reduction of Benefits—Remedial Legislation.

   An amendment that is designed to correct an existing law,
   redress an existing grievance, or introduce regulations condu-
   cive to the public good will be regarded as remedial in nature
   and the Legislature, in enacting an amendment providing that
   a reduction in weekly payments to an injured employee who
   reaches the age of 65 shall not apply to an injured workman
   who is not eligible for Federal social security benefits, intended
   to remedy an existing injustice, namely, that benefit recipients
   not eligible for social security were having their workmen's
   compensation benefits reduced even though they did not begin
   to receive social security payments (MCLA 418.357[2]; MSA
   17.237[357][2]).

Appeal from Workmen's Compensation Appeal
Board. Submitted October 6, 1976, at Detroit.
(Docket No. 26425.) Decided November 23, 1976.
Leave to appeal denied, 399 Mich —.

Reference for Points in Headnotes
[1, 2] 81 Am Jur 2d, Workmen's Compensation §§ 8, 34.

Claim by Salem Freij against St. Peters Evangelical Lutheran Church and Michigan State Accident Fund for workmen's compensation benefits. Benefits allowed. The Workmen's Compensation Appeal Board upheld the continuation of benefits at an undiminished rate after the plaintiff turned 65 years of age. Defendant St. Peters Evangelical Lutheran Church appeals. Affirmed.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.* (by *James A. Sullivan),* for defendant.

Before: V. J. BRENNAN, P. J., and BRONSON and BASHARA, JJ.

BRONSON, J. The defendant employer appeals from a decision of the Workmen's Compensation Appeal Board, which ruled that weekly benefits payable to plaintiff could not be reduced pursuant to MCLA 418.357; MSA 17.237(357). That statute provides for yearly reductions of 5% of weekly payments payable to workmen's compensation recipients who have reached the age of 65. The board held that a 1974 amendment to that statutory provision, 1974 PA 184, precluded further reductions in the amount of benefits payable to plaintiff.

The plaintiff in this case suffered an injury compensable under the Workmen's Compensation Act on August 13, 1970. At that time, plaintiff was 62 years old and received a continuing award of weekly benefits. At the time of plaintiff's injury, MCLA 418.357; MSA 17.237(357), provided as follows:

"When an employee who is receiving weekly payments or is entitled to weekly payments reaches or has reached or passed the age of 65, the weekly payments

for each year following his sixty-fifth birthday shall be reduced by 5% of the weekly payment paid or payable at age 65, but not to less than 50% of the weekly benefit paid or payable at age 65, so that on his seventy-fifth birthday the weekly payments shall have been reduced by 50%; after which there shall be no further reduction for the duration of the employee's life. In no case shall weekly payments be reduced below the minimum weekly benefit as provided in this act."

This provision was amended, effective July 2, 1974, by 1974 PA 184, which added the following subsection:

"(2) Subsection (1) shall not apply to a person 65 years of age or over otherwise eligible and receiving weekly payments who is not eligible for benefits under the federal social security act, 42 U.S.C. sections 301–1396i."

Plaintiff is neither eligible for, nor is he receiving, Federal social security benefits. Thus the Workmen's Compensation Appeal Board ruled that defendant was not entitled to reduce the benefits payable to plaintiff following plaintiff's birthday on October 10, 1974.

Defendant now appeals, claiming that the board erred in holding that the 1974 amendment was applicable to a claim which was incurred before the effective date of the amendment.[1] Defendant argues that the amendment should not be given such a retroactive effect because previous cases involving this "age reduction" provision, as well as

[1] In a conclusory finale to its brief on appeal, defendant also asserts that it will be entitled to reimbursement from the Second Injury Fund in the event we hold the 1974 amendment to have retroactive effect. This issue was not raised or decided below, is not relevant to our decision on the retroactivity issue, and would seem more appropriately decided in a case where the Second Injury Fund is a party. We thus decline to pass on it now.

a prior amendment to it, refused retroactive effect. Defendant further asserts that the amendment does not state that it is to be applied retroactively, and therefore must be deemed to be of prospective effect only. We disagree and affirm the appeal board.

1974 PA 184 is a remedial amendment to the Workmen's Compensation Act and merely expands a remedy previously in effect rather than creating a new cause of action. The amendment affects no vested right of defendant, and reveals no express intent by the Legislature that it be applied prospectively only. In such a case, the amendment should be given retroactive effect. *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959); *Rookledge v Garwood,* 340 Mich 444; 65 NW2d 785 (1954).

The amendment is remedial. In *Rookledge, supra,* p 453, the Supreme Court had the following to say about when an amendment would be considered to be remedial:

"It is generally understood that if a statute or amendment is 'designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good,' it will be regarded as remedial in nature. *In re School District No. 6, Paris and Wyoming Townships, Kent County,* 284 Mich 132, 144 [278 NW 792 (1938)]. The same connotation is given to those statutes or amendments which apply to procedural matters rather than to substantive rights. The definitive rule in this respect, found in 50 Am Jur, pp 33, 34, Statutes, § 15, is:

" 'Legislation which has been regarded as remedial in its nature includes statutes which abridge superfluities of former laws, remedying defects therein, or mischiefs thereof implying an intention to reform or extend existing rights, and having for their purpose the promotion of justice and the advancement of public welfare and of important and beneficial public objects, such as the protection of the health, morals, and safety of

society, or of the public generally. Another common use of the term "remedial statute" is to distinguish it from a statute conferring a substantive right, and to apply it to acts relating to the remedy, to rules of practice or courses of procedure, or to the means employed to enforce a right or redress an injury. It applies to a statute giving a party a remedy where he had none or a different one before.'

"There can be no doubt that the legislature, in enacting this amendment, intended to remedy an existing injustice."

We are convinced that the Legislature, by the passage of 1974 PA 184, intended to redress what they perceived to be a defect in the provision as originally stated. Defendant's arguments as to what the Legislature's purpose was in originally passing this provision are irrelevant. Regardless of what the Legislature had in mind in enacting the age reduction provision in 1965, or upon amending it in 1968, it seems apparent that the 1974 amendment must have been intended to remedy what had come to be perceived as a pernicious consequence of the existing legislation; that benefit recipients not eligible for social security were having their benefits reduced even though they did not begin to receive social security payments.

*Lahti v Fosterling, supra,* controls this case. There the claimant suffered a work-related injury at a time when the Workmen's Compensation Act permitted his employer to be liable for furnishing reasonable medical, surgical, and hospital services for no more than two years. The act was subsequently amended to eliminate the two-year maximum. The Supreme Court classified the amendment as remedial, determined that the amendment "did not afford the employee a new cause of action, but merely expanded the remedies then in

effect", 357 Mich at 587, stated that the employer would not be deprived of a vested right if the amendment were to be applied retroactively to employees injured before the effective date of the amendment, and concluded, because of the remedial and humanitarian purpose of the Workmen's Compensation Act itself and the Legislature's failure to express an intention of prospective application only, that the amendment was applicable to cases in which the injury had occurred prior to the effective date of the amendment. In the instant case, all of these same criteria militate toward a conclusion that the Legislature intended that 1974 PA 184 be applicable to weekly benefit payments on account of injuries incurred prior to the effective date of that amendment.

The cases cited by defendant which are claimed to require a contrary result are not in point. *Pierce v Johnson,* 39 Mich App 67; 197 NW2d 109 (1972), was not concerned with the issue of prospective versus retroactive application of the original version of the age reduction provision. The Court merely applied the plain language of the statute, as it then read, to preclude its application to persons who were over the age of 65 at the time of the passage of the amendment and who were injured thereafter.

*Welch v Westran Corp,* 45 Mich App 1; 205 NW2d 828 (1973), *aff'd on another issue,* 395 Mich 169; 235 NW2d 545 (1975), holding that the 1968 amendment to the age reduction provision of the Workmen's Compensation Act would not be applied retroactively, may be distinguished on the basis that the 1968 amendment could not have been classified as remedial. Retroactive application of that amendment would have frustrated the remedial and humanitarian purposes of the Work-

men's Compensation Act by reducing benefits payable to employees.

We conclude that the appeal board was correct in ruling that the weekly benefits payable to plaintiff could not be reduced pursuant to the age reduction provision after the effective date of 1974 PA 184.

Affirmed. Costs to plaintiff.