FRANKS v WHITE PINE COPPER DIVISION, COPPER RANGE
COMPANY

Docket No. 63220. Submitted October 13, 1982, at Marquette.—De-
cided December 20, 1982. Leave to appeal applied for.

Larry J. Franks sustained on March 7, 1971, a work-related
injury while employed by White Pine Copper Division, Copper
Range Company, resulting in the amputation of four fingers of
his right hand. Franks received 215 weeks of specific loss
workers' disability compensation benefits. Franks returned to
work on May 24, 1971, but was never able to perform all the
jobs associated with his former position. Franks continued his
employment, with the exception of two layoff periods in 1976
and 1977, until August 1, 1977, when he was permanently laid
off. Franks received unemployment compensation benefits dur-
ing all layoff periods. Franks sought partial disability wage loss
benefits. A hearing referee directed payment of such benefits
from August 2, 1977. The Workers' Compensation Appeal
Board on February 18, 1982, affirmed the referee's determina-
tion that Franks was entitled to wage loss benefits, ordered
that the wage loss benefits run from May 24, 1971, and refused
to permit the benefits to be offset by the unemployment benefits
paid by White Pine. White Pine appeals. *Held:*

1. Prior to the amendment of the Worker's Disability Com-
pensation Act by 1980 PA 357, which had an effective date of

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 82 Am Jur 2d, Workmen's Compensation § 364.
    Application for, or receipt of, unemployment compensation benefits
    as affecting claim for workmen's compensation. 96 ALR2d 941.
[2] 73 Am Jur 2d, Statutes § 194.
[3] 82 Am Jur 2d, Workmen's Compensation § 365.
[4] 73 Am Jur 2d, Statutes § 145.
[5, 8, 10] 73 Am Jur 2d, Statutes § 352.
[6] 81 Am Jur 2d, Workmen's Compensation § 34.
    82 Am Jur 2d, Workmen's Compensation § 608.
[7] 20 Am Jur 2d, Courts §§ 65, 66.
[9] 81 Am Jur 2d, Workmen's Compensation § 89.
[11] 82 Am Jur 2d, Workmen's Compensation § 350.
[12] 82 Am Jur 2d, Workmen's Compensation §§ 613, 638.

January 1, 1982, there was no right to offset workers' disability compensation benefits by unemployment compensation benefits paid by the same employer.

2. The provisions of 1980 PA 357 permitting an employer to offset workers' disability compensation benefits with unemployment compensation benefits chargeable to the same employer was not intended by the Legislature to be retroactively applied to benefits for injuries which occurred before the effective date of the amendatory provision, January 1, 1982.

3. The employer is entitled to credit against the wage loss benefits for any particular time period where specific loss benefits were paid for that same time period.

4. The appeal board properly considered the question of the date upon which the wage loss benefits should commence even though Franks filed no application for review on that issue, since the appeal board is obliged to conduct a *de novo* hearing.

Affirmed.

1. WORKERS' COMPENSATION — REDUCTION OF BENEFITS — UNEMPLOYMENT BENEFITS.

The Worker's Disability Compensation Act, prior to its 1982 amendment, did not permit reduction of workers' compensation benefits by the amount of unemployment compensation benefits received during any period in which a claimant was receiving both workers' disability compensation benefits and unemployment benefits (MCL 418.371[1], 418.811; MSA 17.237[371][1], 17.237[811]).

2. STATUTES — JUDICIAL CONSTRUCTION.

Judicial construction of a statute is unnecessary where the language is clear and unambiguous, except where a literal reading would produce an absurd and unjust result clearly inconsistent with the purposes and policies of the statute.

3. WORKERS' COMPENSATION — REDUCTION OF BENEFITS — UNEMPLOYMENT BENEFITS.

The 1982 amendment to the Worker's Disability Compensation Act providing for a setoff of workers' disability compensation benefits by unemployment compensation benefits does not clearly and unambiguously require such setoff when the work-related injury predates the effective date of that amendment (1980 PA 357; MCL 418.358; MSA 17.237[358]).

4. STATUTES — JUDICIAL CONSTRUCTION.

The primary object of judicial interpretation of statutes is to

ascertain and give effect to the intent of the Legislature; all other rules of construction and interpretation serve but as guides to assist the courts in determining such intent with a greater degree of certainty.

5. STATUTES — JUDICIAL CONSTRUCTION — RETROACTIVITY.

Postponement of the effective date of a statute is some evidence that the Legislature never intended to apply the statute retroactively.

6. WORKERS' COMPENSATION — REDUCTION OF BENEFITS — UNEMPLOYMENT BENEFITS — RETROACTIVITY.

The provision in 1980 PA 357 which provided for a setoff of workers' disability compensation benefits by unemployment compensation benefits was intended by the Legislature to be effective concurrently with adjustments and coordination of workers' disability compensation benefits mandated by 1981 PA 192-203; accordingly, the specific expression of the Legislature in a concurrent resolution that the changes contained in 1981 PA 203 should not be applied retroactively to those injured prior to the effective date of the act indicates a legislative intent that the offset provision of 1980 PA 357 is not to be retroactively applied (MCL 418.358; MSA 17.237[358]).

7. COURTS — LEGISLATIVE RESOLUTIONS.

Legislative resolutions, while not binding, are entitled to respectful consideration of the courts.

8. STATUTES — JUDICIAL CONSTRUCTION — PROSPECTIVE APPLICATION.

Statutes, as a general rule, are to be applied prospectively unless the Legislature expressly or impliedly indicates its intention to give retroactive effect.

9. WORKERS' COMPENSATION — CONTROLLING LAW.

The law in effect at the time of injury controls an employee's rights to workers' disability compensation benefits.

10. STATUTES — JUDICIAL CONSTRUCTION — RETROACTIVITY.

Statutes that are purely remedial or procedural in nature generally are to be given retroactive effect; however, retroactive application will not be given where such application is contrary to the Legislature's intent or where it will significantly and detrimentally affect a substantive right.

11. WORKERS' COMPENSATION — WAGE LOSS BENEFITS — SPECIFIC LOSS BENEFITS.

An injured employee is not entitled to wage loss benefits for any

time period in which he received specific loss benefits (MCL 418.361, subds [1] and [2]; MSA 17.237[361], subds [1] and [2]).

12. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD.

The Workers' Compensation Appeal Board is obliged to review *de novo* the decision of the hearing examiner.

*Wisti & Jaaskelainen, P.C.* (by *Gordon J. Jaaskelainen),* for plaintiff.

*Vairo, Mechlin, Tomasi, Johnson & Manchester* (by *Paul J. Tomasi),* for defendant.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

D. F. WALSH, P.J. Defendant, White Pine Copper Division, Copper Range Company, appeals from the February 18, 1982, determination of the Workers' Compensation Appeal Board that defendant is liable for payment of partial disability benefits to plaintiff, Larry J. Franks, in the weekly amount of $79 during periods of wage loss from May 24, 1971, until further order of the Workers' Compensation Bureau. MCL 418.361(1); MSA 17.237(361)(1).

Plaintiff's employment with defendant mining company began in 1970. On March 7, 1971, he sustained a work-related injury to his right hand, which resulted in the amputation of four fingers.

Following his accident, plaintiff received 215 weeks of specific loss benefits pursuant to MCL 418.361(2)(h); MSA 17.237(361)(2)(h). He returned to work on May 24, 1971. Because of his injury, he was never again able to perform all of the jobs associated with his former position. With the exception of lay-off periods extending from January

4, 1976, to April 26, 1976, and November 13, 1976, to May 31, 1977, plaintiff worked for defendant until August 1, 1977, when he was permanently laid off. During all periods of lay-off, he received unemployment compensation benefits.

On appeal, defendant's principal challenge to the appeal board's decision concerns the board's refusal to reduce defendant's liability for workers' compensation benefits by the amount of unemployment compensation benefits which plaintiff had received. Defendant argues, *inter alia,* that the setoff was required because the unemployment benefits "constituted an earning capacity". MCL 418.371(1); MSA 17.237(371)(1). The appeal board responded to this claim as follows:

"Credit for unemployment benefits received by plaintiff is requested by defendant * * * on the theory that such benefits represent a wage earning capacity that requires reimbursement by plaintiff. That plaintiff retains some residual capacity within the field of his skill does not diminish defendant's liability for payment of its entire obligation for partial disability benefits, despite plaintiff's corollary receipt of unemployment compensation while he remained willing and able to perform any available work, limited by his post-injury capacity."

We agree with the appeal board and further observe that the Legislature expressed an intent directly contrary to defendant's suggestion in MCL 418.811; MSA 17.237(811), which, prior to 1982, provided in part:

"[B]enefits derived from any other source than those paid or caused to be paid by the employer as provided in [the Worker's Disability Compensation Act, shall not]

be considered in fixing the compensation under this act * * *."[1]

Defendant also argues that MCL 418.358; MSA 17.237(358) (hereinafter referred to as § 358), applies to the instant fact situation. That statute, effective January 1, 1982, provides:

"Net weekly benefits payable under section 351, 361, or lump sum benefits under section 835, shall be reduced by 100% of the amount of benefits paid or payable to the injured employee under the Michigan employment security act, Act No. 1 of the Public Acts of the Extra Session of 1936, as amended, being sections 421.1 to 421.67a of the Michigan Compiled Laws, for identical periods of time and chargeable to the same employer."

The issue presented is whether this setoff provision applies to awards made to compensate employees for injuries predating the provision's effective date. The appeal board concluded that "the lack of any expressed retroactive effect for section 358's statutory adjustments renders its operation prospective only, thus inapplicable to plaintiff's 1971 injury. See *Briggs v Campbell, Wyant & Cannon Foundry,* 379 Mich 160, 164-166; 150 NW2d 752 (1967)".

Defendant first suggests that the statute clearly and unambiguously provides for the requested setoff. If this were so, further interpretation of the statute would be unnecessary. *Owendale-Gagetown School Dist v State Bd of Ed,* 413 Mich 1, 8; 317

---

[1] Defendant's suggestion that the setoff was required under MCL 418.371(1); MSA 17.237(371)(1) is further belied by defendant's observation that: "Employers and industry had for years objected to being required to pay both unemployment and disability benefits for the same time periods. After much discussion and negotiation the Legislature passed [MCL 418.358; MSA 17.237(358)] to remedy that situation."

NW2d 529 (1982); *Selk v Detroit Plastic Products,* 120 Mich App 135; 328 NW2d 15 (1982).

We disagree with defendant's characterization of the statute. The statute does not clearly and unambiguously require setoff for unemployment compensation benefits when work-related injury predates the statute's effective date. The statutory language is significantly distinguishable from that in MCL 418.801(5); MSA 17.237(801)(5), which provides for 12% interest on workers' compensation awards and which this Court has ruled applicable to awards due prior to that statute's effective date. *Selk v Detroit Plastic Products, supra.*

Defendant next argues that adherence to established principles of statutory interpretation requires retroactive application of the statute.

The primary object of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. All other rules of construction and interpretation "serve but as guides to assist the courts in determining such intent with a greater degree of certainty". *Grand Rapids v Crocker,* 219 Mich 178, 182; 189 NW 221 (1922); *Van Antwerp v State,* 334 Mich 593; 55 NW2d 108 (1952). In our judgment, the Legislature did not intend that § 358 apply to awards made for injuries occurring before its effective date.

The statute was part of 1980 PA 357. Although it was approved by the Legislature on December 30, 1980, its effective date was postponed, by express provision of the Legislature, until January 1, 1982. 1980 PA 357, § 3. This postponement is some evidence that the Legislature never intended the setoff provision to apply retroactively. *Mulligan v Murphy,* 14 NY2d 223; 250 NYS2d 412; 199 NE2d 496 (1964). Had the Legislature intended retroactive application, considerable administrative bur-

den would have been avoided by simply giving the statute immediate effect. During 1980, there were certainly employers who voluntarily paid workers' compensation benefits and who, pursuant to the 1981 version of MCL 418.811; MSA 17.237(811), made no adjustment for unemployment compensation benefits. In postponing the statute's effective date, the Legislature surely indicated its intention that those employers, and employers in defendant's position, not benefit from the setoff provision.

In addition, § 358 cannot be considered in isolation from 1981 PA 192-203, which were approved on December 30, 1981, and became effective on January 1, 1982. We are persuaded that, by postponing the effective date of § 358, the Legislature indicated its intent that the section's applicability be effective concurrently with the adjustments mandated by the 1981 public acts. Of particular interest is 1981 PA 203, which provides for coordination of weekly workers' compensation benefits with benefits from various sources, including self-insurance plans, wage continuation plans, disability insurance policies provided by the employer, social security old-age insurance, and other pension or retirement plans. MCL 418.354; MSA 17.237(354). The Legislature has expressed its intent that 1981 PA 203 "was not designed to disrupt benefits which were already being received by an employee prior to the effective date of this act or benefits resulting from injuries incurred prior to the act's effective date", and that the coordination of benefits provided for in the act is "not to be applied retroactively to those receiving worker's disability compensation payments or those injured prior to the effective date of this act". Senate Concurrent Resolution No 575, adopted by the

Senate on April 1, 1982 (1982 Senate Journal, p 705), adopted by the House of Representatives on May 18, 1982 (1982 House Journal, p 1262). (For text of resolution, see 1982 Senate Journal, p 626). Although legislative resolutions are not binding, they are entitled to respectful consideration. *Boyer-Campbell Co v Fry,* 271 Mich 282, 296; 260 NW 165 (1935). We are persuaded that the Legislature intended the entire coordination-of-benefits reform to apply only to injuries incurred after the effective dates of those reforms. We can perceive no reason why the Legislature's intent concerning § 358 would have differed from that concerning 1981 PA 203.

Our holding comports with the general rule that statutes are to be applied only prospectively unless the Legislature expressly or impliedly indicates its intention to give retroactive effect. *Hughes v Judges' Retirement Bd,* 407 Mich 75, 85; 282 NW2d 160 (1979).[2] No such intention is evident in the case of § 358. In addition, prospective application of § 358 is consistent with the principle that the law in effect at the time of injury controls an employee's rights to workers' compensation benefits. *Tarnow v Railway Express Agency,* 331 Mich 558; 50 NW2d 318 (1951).

Exclusively prospective application of § 358 does not violate the principle that purely "remedial" or "procedural" statutes are to be given retroactive effect. *Ballog v Knight Newspapers, Inc,* 381 Mich 527, 533-534; 164 NW2d 19 (1969); *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480; 124 NW2d 286 (1963). Adoption of § 358 did not effect a purely procedural change in the Worker's Disability Compensation Act. Compare *Cichecki v Ham-*

---

[2] "A prospective statute, as its name implies, operates on conduct, events, and circumstances which occur after its enactment." 2 Sutherland, Statutory Construction (4th ed), § 41.01, p 245.

*tramck,* 382 Mich 428; 170 NW2d 58 (1969); *Mc-Avoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977); *Hansen-Snyder Co v General Motors Corp, supra.* Nor are we persuaded that the amendment can be fairly characterized as purely "remedial". Cases applying that exception to the presumption of prospective applicability have generally dealt with legislative responses to the "pernicious", unforeseen consequences of existing legislation, *Freij v St Peters Evangelical Lutheran Church,* 72 Mich App 456; 250 NW2d 78 (1976), *lv den* 399 Mich 862 (1977), or with restoration of common-law remedies which had been barred by statute, *Rookledge v Garwood,* 340 Mich 444; 65 NW2d 785 (1954); *Munson v VaneStecker Co,* 347 Mich 377; 79 NW2d 855 (1956); *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959). In addition, those cases did not blindly apply the "remedial" legislation exception but rather extensively explored the question of the Legislature's intent. See, *e.g., Rookledge v Garwood, supra,* and *Lahti v Fosterling, supra.*

While § 358 is "remedial" in the sense that it was adopted to effect a reform which, in the eyes of many, will correct certain injustices in the system, it will also significantly and detrimentally affect the substantive right of certain injured employees to receipt of workers' compensation benefits. We are persuaded, therefore, that the Legislature's failure to provide clearly and unequivocally for applicability to cases of injuries predating its effective date mandates prospective application. The appeal board's ruling to that effect is affirmed.

Defendant also argues that the appeal board has impermissibly ordered defendant "to pay wage loss benefits for partial disability for the same time periods that it paid full compensation for the

specific loss of the hand". Plaintiff concedes that such "double payment" is not permissible and states that "defendant is clearly entitled to credit for specific loss payments already paid". The relevant provisions of the Workers' Disability Compensation Act support the parties' assessment of defendant's liability. MCL 418.361, subds (1) and (2); MSA 17.237(361), subds (1) and (2).

Defendant next claims that the appeal board exceeded its powers of review in ordering payment of benefits for the period preceding August 2, 1977. The hearing referee had directed payment of benefits from August 2, 1977, and plaintiff did not file an application for review on that issue. Defendant's argument is without merit; the appeal board was obliged to conduct a *de novo* review of the hearing referee's decision. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 135; 274 NW2d 411 (1979).

Defendant's challenge to the test applied by the appeal board in determining disability is also without merit. The record indicates that the appeal board properly considered plaintiff's inability to perform the work he was doing at the time of his injury. *Powell v Casco Nelmor Corp,* 406 Mich 332, 350; 279 NW2d 769 (1979). The record supports the board's determination of disability.

Defendant's remaining challenge to the appeal board's decision has been waived. *Kleinschrodt v General Motors Corp,* 402 Mich 381; 263 NW2d 246 (1978), *reh den* 402 Mich 965 (1978).

Affirmed.