NORWIN v FORD MOTOR COMPANY

GATES v SAGINAW COUNTY COMMUNITY HOSPITAL

Docket Nos. 67289, 68722. Submitted November 7, 1983, at Lansing.— Decided March 20, 1984. Leave to appeal applied for.

Victor Norwin applied for workers' compensation benefits from his employer, Ford Motor Company. Mary Gates applied for workers' compensation benefits from her employer, Saginaw County Community Hospital, and its workers' compensation insurer, Employers Insurance of Wausau. Both claimants alleged mental disabilities occurring prior to January 1, 1982, and both were granted benefits by the Workers' Compensation Appeal Board. The defendants appealed by leave granted and the appeals were consolidated by the Court of Appeals. *Held:*

1. The amendment to the Worker's Disability Compensation Act which limits recovery for mental disabilities to those *arising out of actual events of employment, not unfounded perceptions thereof,* does not apply to mental disabilities occurring prior to January 1, 1982. The Workers' Compensation Appeal Board correctly applied the law in effect at the time of the injuries that the claimant is entitled to benefits if he honestly perceives that the personal injury occurred in the course of his employment which caused the disability, even though his subjective perception of the personal injury might be mistaken.

2. Determination by the Workers' Compensation Appeal Board of whether a disability exists and whether an employment aggravated a pre-existing condition to the point of disability are findings of fact, which are conclusive if supported by competent, material, and susbstantial evidence in the record.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 350.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 301, 302.
    Mental disorders as compensable under workmen's compensation acts. 97 ALR3d 161.
[3] 82 Am Jur 2d, Workmen's Compensation § 552.
[4] 82 Am Jur 2d, Workmen's Compensation § 579.

The evidence was sufficient to support the award of benefits to Norwin.

3. The amendment to the Worker's Disability Compensation Act providing that interest on the compensation shall be paid at the rate of 12% per annum from the date each payment was due, until paid, which became effective January 1, 1982, requires that for all awards made after January 1, 1982, the 12% interest rate should be computed by referring to the date the payment became due without regard to the fact that payment may have become due prior to January 1, 1982. The appeal board properly awarded 12% interest from the date the compensations became due.

4. The appeal board applied the correct test with regard to Gates in awarding benefits to her.

Affirmed.

1. STATUTES — PROSPECTIVE APPLICATION.

Generally, statutory enactments should be applied only prospectively unless the Legislature indicates its intent that they be given retrospective effect.

2. WORKERS' COMPENSATION — MENTAL DISABILITIES.

The amendment to the Worker's Disability Compensation Act which limits recovery for mental disabilities to those arising out of actual events of employment, not unfounded perceptions thereof, does not apply to mental disabilities occurring prior to January 1, 1982 (MCL 418.301[2]; MSA 17.237[301][2]).

3. WORKERS' COMPENSATION — DISABILITY — FINDINGS OF FACT — APPEAL.

Determinations by the Workers' Compensation Appeal Board of whether a disability exists and whether an employment aggravated a pre-existing condition to the point of disability are findings of fact, which are conclusive if supported by competent, material, and substantial evidence in the record (Const 1963, art 6, § 28).

4. WORKERS' COMPENSATION — INTEREST.

The amendment to the Worker's Disability Compensation Act providing that interest on the compensation shall be paid at the rate of 12% per annum from the date each payment was due, until paid, which became effective January 1, 1982, requires that for all awards made after January 1, 1982, the 12% interest rate should be computed by referring to the date the payment became due without regard to the fact that payment

may have become due prior to January 1, 1982 (MCL 418.801[5]; MSA 17.237[801][5]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Ann Curry Thompson*), for plaintiff Norwin.

*The Law Offices of Bernard M. Fried & Associates, P.C.* (by *Diane M. Powers*), for plaintiff Gates.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell,* of counsel to Michael Riley), for Ford Motor Co.

*Collison, Chasnis & Dogger, P.C.* (by *David G. Dogger*), for Saginaw County Community Hospital and Employers Insurance of Wausau.

Before: HOOD, P.J., and R. B. BURNS and R. M. SHUSTER,* JJ.

HOOD, P.J. Defendants appeal by leave granted from decisions of the Workers' Compensation Appeal Board (WCAB) awarding benefits to plaintiffs.

Relying on the standards given in *Deziel v Difco Laboratories, Inc (After Remand),* 403 Mich 1; 268 NW2d 1 (1978), the WCAB awarded the plaintiffs compensation due to mental disabilities. The cases are consolidated on appeal to address a common issue: whether the WCAB erred by applying the *Deziel* standards rather than retroactively applying MCL 418.301(2); MSA 17.237(301)(2).

In *Deziel,* the Court interpreted § 301 of the Worker's Disability Compensation Act (act) and set out this test for determining a compensable disability:

"1) Is the claimant disabled?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"2) If so, is the claimant disabled on account of some 'personal injury'?

"3) Did the claimant's employment aggravate, accelerate, or combine with some internal weakness or disease to produce the personal injury?

"If those questions are answered in the affirmative and supported by the record, the decision maker must then find as a matter of law that the claimant had a personal injury, which arose out of the employment, and that compensation must be awarded.

"By the same token, if there is support for a negative answer to any of the questions, compensation may not be awarded." *Deziel, supra,* pp 10-11.

The *Deziel* case introduced an "honest perception" standard to determine mental disabilities using the above three-question test. A claimant is entitled to compensation if the claimant factually establishes that he or she honestly perceives that some personal injury occurred in the course of the claimant's employment which caused the disability, even though the claimant's subjective perception of the personal injury might be mistaken. See Joseph, *Causation in Workers' Compensation Mental Disability Cases: The Michigan Experience,* 27 Wayne L Rev 1079 (1981).

Apparently in response to this expansive or liberal interpretation of § 301, the Legislature amended that section as part of a comprehensive revision of the act, 1980 PA 357. The amendment to § 301 became effective January 1, 1982, and provides:

"Mental disabilities and conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a significant manner. Mental disabilities shall be compensable when arising out of actual events of employment,

not unfounded perceptions thereof". MCL 418.301(2); MSA 17.237(301)(2).

Both Norwin's and Gate's injuries occurred prior to January 1, 1982. Nevertheless, the defendants argue that the amended § 301 applies retroactively. We disagree and, thus, find the WCAB correctly applied the law in effect, *Deziel, supra,* at the time plaintiffs' injuries occurred. *Cooper v Chrysler Corp,* 125 Mich App 811, 822; 336 NW2d 877 (1983).

A statute should be applied retroactively if the Legislature intends that result. See *Franks v White Pine Copper Division, Copper Range Co,* 122 Mich App 177, 183; 332 NW2d 447 (1982). As a general rule, statutes are given prospective effect unless the Legislature indicates its intent that the statute be given retroactive effect. *Selk v Detroit Plastic Products,* 120 Mich App 135, 143; 328 NW2d 15 (1982), *aff'd* 419 Mich 1 (1984).

There is no language in amended § 301(2) that states it applies retroactively. However, there is language in the amending act that shows that the Legislature intended the amended § 301 to have only prospective effect. The amendment was part of 1980 PA 357. Despite legislative approval and passage of that act in December, 1980, the effective date of § 301(2) was expressly postponed by the Legislature until January 1, 1982. 1980 PA 357, § 3. See *Franks, supra,* p 183.

Nevertheless, defendants argue that retroactive application of § 301(2) is required because § 301 has only remedial or procedural effect. Defendants rely on the rule that statutes that have remedial or procedural rather than substantive effect generally are held retroactive since there is no right to

keep procedural law unchanged and free of amendment. *Ballog v Knight Newspapers, Inc,* 381 Mich 527, 533-534; 164 NW2d 19 (1969); *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480; 124 NW2d 286 (1963). *Franks, supra,* p 185.

Section 301(2) is not procedural in character. Rather, that section grants workers in this state the right to compensation for mental disabilities under certain circumstances. Therefore, it is substantive in nature. Also, if amended § 301(2) is at all "remedial", it is so only in the sense that it was arguably adopted to clarify the causation requirement of a compensable mental disability as interpreted by the Court in *Deziel, supra.*

Even if we were to accept defendants' argument that amended § 301(2) is remedial in effect because it corrects an overexpansive view by the Supreme Court of compensable mental disabilities, we would not find the amendment retroactive in effect. The Michigan cases which give retroactive effect to remedial workers' compensation legislation do so when the result is beneficial to the worker. See, *e.g., McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977); *Cichecki v City of Hamtramck,* 382 Mich 428; 170 NW2d 58 (1969); *Freij v St Peters Evangelical Lutheran Church,* 72 Mich App 456; 250 NW2d 78 (1976). To give remedial legislation that benefits workers retroactive effect furthers the purpose of the act. The intended beneficiary of the act is the employee, not the employer. *Wilson v Doehler-Jarvis Division of National Lead Co,* 358 Mich 510, 515-516; 100 NW2d 226 (1960). Because defendants' interpretation of amended § 301(2) is remedial in a manner that benefits employers, the retroactivity rule would not apply.

For the foregoing reasons, we presume that the

Legislature intended § 301(2) to have only prospective effect.

We next address the issues raised individually by defendants.

## NORWIN

The WCAB found that Norwin had pre-existing psychological problems when Ford Motor Company hired him as a patternmaker in May, 1973. On June 20, 1977, a co-worker struck Norwin on the head. Plaintiff received minor physical injuries from this blow. However, as a result of that blow plaintiff began to miss work due to fear of assault, gastritis, and headaches among other things. Norwin's treating physician testified that Norwin had a minor emotional disorder, a disabling anxiety neurosis. Two psychiatrists testified that they diagnosed Norwin's condition as anxiety neurosis and theorized that the June 20, 1977, assault upon Norwin had affected Norwin's ability to function. The WCAB opinion states:

"[W]e find that plaintiff received a work-related injury on June 20, 1977, that resulted in a mental disability, compensable under the standard of *Deziel v Difco Laboratories, Inc,* 403 Mich 1 (1978). His pre-existing mental condition, which heretofore had affected only his personal life, was aggravated by events at work to produce a personal injury and resulting partial disability; plaintiff is less able to perform in his skill as a result of that injury".

Ford Motor Company argues that the WCAB did not apply the correct legal standard of disability to the facts in this case. The real question Ford raises is whether there is any competent evidence to support the WCAB findings. The WCAB's findings are conclusive if supported by competent, material,

and substantial evidence in the record. Const 1963, art 6, § 28; *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 250-251; 262 NW2d 629 (1978). We find competent evidence on the record to support the WCAB's findings.

Ford Motor Company also challenges the WCAB's grant of 12% interest on Norwin's September 16, 1982, award from the date the compensation became due. MCL 418.801(5); MSA 17.237(801)(5). Ford argues that the 12% rate became effective by amendment on January 1, 1982, and should only apply to compensation due after that date. For the reasons stated in *Selk, supra,* we reject this argument and affirm the WCAB's interpretation of § 801(5) of the act.

## GATES

The WCAB found that Mary Gates, a housekeeper at Saginaw Community Hospital, injured her wrist when she bumped it against a cart while working in May, 1977. Later that month, Gates had surgery performed on that wrist. She returned to favored work in September, 1977, and continued doing that favored work until March 2, 1978, her last day of work. On that day, Gates's supervisor assigned her to her regular duties which Gates said she was unable to perform.

Gates began treatment with a psychiatrist in April, 1978. She told the doctor she had problems with her nerves because of several factors most of which related to traumatic events in her personal life, but which also included work-related depression precipitated by the wrist injury. The psychiatrist testified that Gates suffered from a depressive neurosis and believed that any number of her experiences or a combination of them could be responsible for the depression.

The hospital argues that the WCAB did not properly apply the *Deziel, supra,* test. We disagree. A compensable mental disability need not be caused solely by a work-related trauma. Rather, a claimant must honestly perceive that work-related factors aggravated, accelerated, or combined with pre-existing weaknesses to produce disability. The claimant must associate a work-related event with the onset of mental disability.

The WCAB member writing the majority opinion stated:

"[W]e are persuaded that plaintiff 'honestly perceived' both that her continuing pain was causally related to her work injury and that her inability to resume her regular (occupational) housekeeping duties was as the result of that pain. We are further persuaded that plaintiff, despite the fact that she is psychiatrically unsophisticated and despite her inability to recognize the true extent of her depression, 'honestly perceived' that her depression, which all the experts felt was of disabling proportions, was, at least in part, related to the pain she was experiencing. This latter conclusion was based in large measure on her treating psychiatrist's affirmative assessment of her sincerity in that regard. Additionally, we are persuaded that her injury, her surgery, her persistent pain thereafter contributed to her underlying and seemingly non-work precipitated depression and played a causal role in the ultimate psychological disability found by all three of the experts testifying in the instant cause."

The concurring WCAB member agreed that the expert witness found Gates emotionally disabled by depression. Although work events were not solely responsible for that disabling depression, that WCAB member found that events at work flowing from Gates's May, 1977, wrist injury "contributed to her disability, and that she was disabled as of her last day worked".

We find that the WCAB correctly applied the *Deziel, supra,* test to find that Gates suffered from a compensable mental disability.

Affirmed.