FORSYTHE v VALLEY CONSOLIDATED INDUSTRIES

Docket No. 64637. Submitted February 7, 1984, at Detroit.—Decided November 20, 1984. Leave to appeal applied for.

Roy W. Forsythe was found to be disabled due to pulmonary disease and a shoulder injury and liability was apportioned by the Workers' Compensation Appeal Board among Forsythe's last employer, Valley Consolidated Industries, and several prior employers. One of those employers, Vettes Mason Contractors, and the Michigan State Accident Fund appealed by leave granted, alleging that apportionment was improper because of the amendment of MCL 418.435, eliminating such apportionment. Valley Consolidated, the other prior employers, and each of their respective workers' compensation insurers cross-appealed. Valley Consolidated alleged that the amendment to the statute should not be applied retroactively so as to relieve the other employers from apportionment. *Held:*

1. A statute should be applied prospectively only unless the Legislature intends that it be applied retroactively, except that retroactive application may be recognized where the statute is remedial or procedural in nature.

2. The Legislature indicated that the amendment involved herein was to have prospective application. Furthermore, the amendment affects substantial rights of the employers. Therefore, the amendment should not be given retroactive effect. Because the events and the decision of the hearing referee were concluded prior to the effective date of the amendment, it is not applicable. Therefore, the WCAB did not err in ordering apportionment.

Affirmed.

1. STATUTES — PROSPECTIVITY — REMEDIAL OR PROCEDURAL STATUTE.
Generally, statutes are presumed to operate prospectively only

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 73 Am Jur 2d, Statutes §§ 11, 354.
[2] 73 Am Jur 2d, Statutes §§ 347, 348.
[3] 82 Am Jur 2d, Workmen's Compensation § 409.
Liability of successive employers for disease or condition allegedly attributable to successive employments. 34 ALR4th 958.

unless the contrary intent is clearly manifested; an exception to this rule may be recognized where a statute is remedial or procedural in nautre.

2. Statutes — Retroactivity.

The fact that a statute relates to antecedent events does not require a finding that the statute operates retrospectively.

3. Workers' Compensation — Disability — Apportionment of Liability.

An amendment to the Worker's Disability Compensation Act which abolished the right of a disabled employee's last employer to apportion liability among prior employers for whom the employee worked in employment which caused the disabling disease concerns substantive rights of the employers and therefore should not be given retrospective effect (MCL 418.435; MSA 17.237[435]).

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for Vettes Mason Contractors and Michigan State Accident Fund.

*Lacey & Jones* (by *Phillip G. Rosenberg*), for Allied Chemical Company and Travelers Insurance Company.

*Walsh, Charters & Zelenock, P.C.* (by *John P. Charters*), for E. E. Powell General Contracting and Fireman's Fund Insurance Company.

*Franklin, Petrulis & Lichty, P.C.* (by *James F. Hunt*), for Sund Construction Company and Citizens Insurance Company.

*George E. Ganos,* for Valley Consolidated Industries and Employers Mutual Liability Insurance Company.

Before: Beasley, P.J., and Gribbs and J. R. Ernst,* JJ.

Per Curiam. This Court granted the application

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of defendants Vettes Mason Contractors and the Michigan State Accident Fund for leave to appeal from a decision of the Workers' Compensation Appeal Board. The WCAB found that plaintiff was disabled due to pulmonary disease and a left shoulder injury and it apportioned liability among all defendants except the Silicosis & Dust Disease Fund.

Plaintiff was a bricklayer by trade. He filed a workers' compensation claim, alleging that he was disabled by problems with his left shoulder caused by lifting, reaching, and pulling in his work. He also alleged that he suffered disabling pulmonary diseases due to repeated exposures to airborne irritants in his work.

The referee found that plaintiff was disabled both from pulmonary disease and shoulder injury and that each condition, "in itself and irrespective of the other, would cause total disability"; she further determined "that the shoulder injury was not attributable to a single event but resulted from the stresses and strains imposed by his employment". The referee also held that plaintiff's pulmonary disease constituted a disability which entitled defendant employers to partial reimbursement by the Silicosis and Dust Disease Fund. By concurrent order, liability was apportioned, for the pulmonary disease only, among the last employer, Valley Consolidated Industries, and the several prior employer defendants, pursuant to MCL 418.435; MSA 17.237(435). Each prior employer was ordered to reimburse the last employer, Valley Consolidated, in proportion to the amount of time plaintiff had worked for that employer.

The WCAB affirmed the findings of the referee as to plaintiff's disabilities. However, the board reversed the referee's determination of liability of the Silicosis and Dust Disease Fund and held that

plaintiff's disabilities from both pulmonary disease *and* shoulder injury were fully apportionable among all defendant employers pursuant to statute.

This Court granted leave to consider on appeal the claim of plaintiff's prior employers (and their respective workers' disability compensation liability insurers) that apportionment was not permissible because of the amendment to MCL 418.435; MSA 17.237(435) by 1980 PA 357. Valley Consolidated, plaintiff's last employer, contends that the 1980 amendment eliminating apportionment for Chapter 4 disabilities should not be applied retrospectively. We agree with Valley Consolidated's argument that the statutory amendment should not be applied retrospectively so as to relieve the prior employers from apportionment.

Prior to 1980 PA 357, § 435 of the Worker's Disability Compensation Act, MCL 418.435; MSA 17.237(435), provided that "total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted". See *Johnson v Valley Grey Iron Foundry,* 58 Mich App 574; 228 NW2d 469 (1975). This portion of § 435 was not changed by 1980 PA 357. However, prior to 1980 PA 357, § 435 also afforded the last employer the right to require joinder of all prior employers identified by the last employer and, further, required an apportionment of liability for compensation according to the length of time a disabled employee had worked for each employer "in the employment to the nature of which the disease was due and in which it was contracted". *Derwinski v Eureka Tire Co,* 407 Mich 469, 482; 286 NW2d 672 (1979).

The amendment to § 435, § 1 of 1980 PA 357, eliminated all references to apportionment of lia-

bility among the last and prior employers. Section 435 now simply provides that the "total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted". In the present case, that employer would be Valley Consolidated Industries.

A statute should be applied retrospectively if the Legislature intends that result. *Franks v White Pine Copper Div, Copper Range Co,* 122 Mich App 177, 183; 332 NW2d 447 (1982), *lv gtd* 419 Mich 855 (1984). There is no language in amended § 435 stating that it applies retrospectively. To the contrary, there is language in the amending act which indicates that the Legislature intended amended § 435 to have only prospective effect. The Legislature approved and passed 1980 PA 357 in December, 1980. Section 2 of the amendatory act expressly declared that the amendment to § 435 would become effective January 1, 1981. 1980 PA 357, § 2. See *Norwin v Ford Motor Co,* 132 Mich App 790, 794; 348 NW2d 703 (1984). The decision of the referee was entered May 21, 1979, and affirmed (as modified) by the WCAB on May 4, 1982. Defendant Valley Consolidated had exercised its claim for apportionment well prior to January 1, 1981.

Defendant Vettes argues that the amendment to § 435 should be deemed procedural because it merely serves to establish the employer against whom the employee must proceed and repeals joinder of prior employers. We disagree and find that the amendment to § 435 deals with substantive and not procedural rights.

Both this Court and the Michigan Supreme Court have had occasion to consider whether sundry amendments to diverse provisions of the Work-

er's Disability Compensation Act were to be applied retrospectively or to be given only prospective application. As a general rule of statutory construction, statutes are presumed to operate prospectively only, unless the contrary intent is clearly manifested. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984). The fact that the statute itself relates to antecedent events does not require a finding that it operates retrospectively. *Selk, supra,* p 9. On the other hand, an exception to the general rule has been recognized where a statute is remedial or is procedural in nature. *Selk, supra,* p 10; *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480, 484-485; 124 NW2d 286 (1963).

The Supreme Court has stated on several occasions that the Worker's Disability Compensation Act, as a whole, is essentially remedial legislation. See *McAvoy v H B Sherman Co,* 401 Mich 419, 437; 258 NW2d 414 (1977). In such cases, however, the Supreme Court was speaking of the act in the context of the rights of the injured worker to obtain compensation from his or her employer. Prior to the amendment of § 435, the last employer could relieve his statutory burden by requiring prior employers to defray a proportionate share of the compensation obligation to the injured employee. The statute, as amended, now places the entire burden of compensating the injured employee on the last employer. The present case is unlike *McAvoy, supra,* which held that the section requiring employers to make immediate payment, pending appeal, of 70% of the benefits found due by the referee was procedural since substantive benefits ultimately owed, or not owed, remained the same. Here, although the amount ultimately owed by the last employer remains the same, the liability of prior employers is abolished

while the cost to the last employer is substantially increased. Clearly, as between a last employer and prior employers, § 435 concerns substantive rights. See *Briggs v Campbell, Wyant & Cannon Foundry Co,* 2 Mich App 204, 218; 139 NW2d 336 (1966), *aff'd on other grounds* 379 Mich 160; 150 NW2d 752 (1967).

The presumption against retrospective application is especially true when "giving a statute operation will interfere with an existing contract, destroy a vested right, create a new liability in connection with a past transaction, or invalidate a defense which was good when the statute was passed". *Hansen-Snyder, supra,* p 484. In the present case, the amendment takes away the right of the most recent employer to have its liability for compensation apportioned among prior employers in proportion to the time that the employee was employed in the service of each prior employer. Therefore, the general rule that an amendatory statute is to be given only prospective effect is applicable.

Even if we were to accept defendant Vettes' argument that § 435 is remedial because it was amended in response to *Derwinski v Eureka Tire Co, supra,* we would not find the amendment to be retrospective in effect for the same reasons. Therefore, we find that the WCAB properly apportioned the liability among plaintiff's prior employers.

Our finding, granting the prayer of Valley Consolidated that the order of the WCAB be affirmed, makes it unnecessary to address Valley Consolidated's cross-appeal.

Affirmed.