MOHAVE PLANTATIONS, INC., *v.* ROSE TOWNSHIP

1. ZONING—REAL PROPERTY—POLICE POWER.
   Lawful uses of land may be prohibited by zoning or building ordinances if such an exercise of police power bears a real and substantial relationship to public health, safety, morals or general welfare.

2. ZONING—REAL PROPERTY—ORDINANCE—PRESUMPTION OF VALIDITY.
   Ordinances prohibiting certain lawful uses of real property are presumed to have a relationship to public health, safety, morals and general welfare and to be valid because of this relationship; hence an ordinance is presumed valid in the absence of proof to the contrary, but where there are proofs upon which a judicial determination may be made, the presumption is inapplicable.

3. ZONING—ORDINANCES—CONSTITUTIONALITY—BURDEN OF PERSUASION.
   The burden of persuasion to demonstrate the unconstitutionality of a zoning ordinance is on the party contesting it even

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 58 Am Jur, Zoning § 14 *et seq.*

though evidence has been introduced showing a lack of any relationship between the ordinance and the public health, safety, morals, or general welfare.

4. ZONING—PROPERTY VALUE—ORDINANCE—VALIDITY.

The mere fact that a property has a lesser value under a current zoning ordinance is insufficient to invalidate the ordinance.

5. ZONING—REZONING—REFERENDUM.

A referendum vote may not sanction and legitimize a zoning classification which is arbitrary, unreasonable and discriminatory; hence nullification by referendum of an ordinance rezoning plaintiff's property from an industrial to a mobile home classification was invalid and the denial of plaintiff's proposed rezoning to mobile home use was unconstitutional where the plaintiff's uncontested evidence showed that the industrial classification could be injurious to public health, that movement of goods through the one access point to the property, a residential area, could be dangerous and that the property was unsuited to industrial use because of limited accessibility and close proximity to a residential area.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 February 4, 1970, at Lansing. (Docket No. 6,173.)   Decided April 24, 1970.

Complaint for mandamus by Mohave Plantations, Inc., a Michigan corporation, and Ivan S. Bloch, against Rose Township, a Michigan constitutional township, to compel approval of plaintiffs' proposed plat of its real property for mobile home usage.   Writ denied.   Plaintiff appeals.   Reversed with instructions.

*Bond, Dillon & Lang,* for plaintiff.

*Booth, Patterson, Hays & Karlstrom,* for defendant.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

McGregor, J. Plaintiffs are owners of two adjacent parcels of property in defendant township. In 1963, the first parcel of their property was rezoned from industrial to mobile home use, under a township zoning ordinance, and platted as Holly Shores Subdivision. This area was developed and mobile homes were placed thereon.

Desirous of developing the remaining parcel of the property for mobile home use, the plaintiffs made application for rezoning from "industrial" to "mobile home use." Following a public hearing, the township zoning board recommended the zoning change and the Rose Township Board adopted an ordinance rezoning the property from industrial to mobile home use. Thereafter, a petition was filed for a referendum on the ordinance.

Prior to the referendum, the plaintiffs had submitted to the township board the proposed plat of the second parcel of their property for mobile home use, which listed the new subdivision as Holly Shores No. 2.

Although the first Holly Shores was adjacent to Holly Shores No. 2, there was no legal access route to the proposed second subdivision. Plaintiffs proposed in their plat a legal access road, through platted and self-owned lots 55 to 59 of Holly Shores No. 1 into Holly Shores No. 2, for the purposes of ingress and egress to the new subdivision.

Five days prior to the referendum, Rose Township rejected the plan for the reasons that the land was not considered suitable for platting purposes because there was no legal access road,[*] and that the land was subject to a referendum vote.

---

[*] Under the former plat act, MCLA § 560.1 *et seq.*, and Stat Ann 1953 Rev § 26.431 *et seq.*, the township board was the governing body to "determine as to whether the lands are suitable for platting purposes."

The result of the election was to nullify the ordinance and the zoning reverted to its previous classification of "industrial." Although this election was set aside by an action of the plaintiffs, a subsequent election had the same result. Plaintiffs contend that the township board acted in an arbitrary, discriminatory and confiscatory manner, and seek approval of their plan through mandamus.

The trial court found that the lack of a legal access road was sufficient justification to refuse approval of the plat for its intended use, but did not rule upon the constitutionality of the zoning ordinance.

Defendant township contends that the property is landlocked, since there is no legal access road. We find the defendant's contentions without merit, inasmuch as plaintiffs' proposed plat indicates that they will dedicate the necessary access roads. These roads would be over plaintiffs' presently owned property, and therefore, eliminates any contingency that there might not be any legal access roads to the new subdivision.

Although the issue was argued in the lower court but was not passed upon, we are asked to consider the constitutionality of the existing zoning which prohibits mobile home use. This being a matter in equity, we hear it *de novo,* based on the record below. *Frendo* v. *Township of Southfield* (1957), 349 Mich 693, 699.

The rules by which the validity of a zoning ordinance is tested are easily stated but often difficult to apply. Thus, a zoning classification may not prohibit an otherwise lawful use of the property if the present zoning does not bear some real and substantial relationship to the public health, safety, morals, or general welfare. *Gust* v. *Township of Canton* (1955), 342 Mich 436, 438.

"Lawful uses of land may be prohibited in certain areas by zoning or building ordinances, if such exercise of police power bears a real and substantial relationship to public health, safety, morals or the general welfare. *Roman Catholic Archbishop of Detroit* v. *Village of Orchard Lake,* 333 Mich 389, and cases therein cited. Presumption of the existence of such relationship and, hence, of the validity of the ordinance is resorted to in the absence of proof on the subject, but not when there are proofs upon which a judicial determination thereof may be made, as when the contrary is shown by competent evidence or appears on the face of the enactment."

Although the plaintiffs have introduced evidence showing the lack of any such relationship, the burden of persuasion is on the plaintiffs to demonstrate the unconstitutionality of the ordinance. *Hudson* v. *Buena Vista Township* (1967), 6 Mich App 625, 631.

The plaintiffs presented evidence that if, in fact, the property were used in accordance with the present zoning classification, "Industrial," it may be injurious to public health. A witness stated that since access is by one point, through the present mobile home subdivision, a hazard might be created in terms of movement of goods through the residential area. Other testimony was presented, in large part unrefuted, to show that the property was improperly suited for industrial uses because of its limited accessibility and its close proximity to a residential area.

Plaintiffs have also introduced a substantial amount of testimony to show that the parcel has little value except as an extension of, and use in conjunction with Holly Shores Subdivision. An examination of the proofs reveals the validity of plaintiffs' contentions. Nevertheless, the mere fact that the property has a lesser value under the pres-

ent zoning cannot invalidate a zoning ordinance. *Lamb* v. *City of Monroe* (1959), 358 Mich 136.

The reasonableness of the proposed classification does not appear to be seriously contested. The property is adjacent to another mobile home subdivision, also owned by plaintiffs, which is ready to expand. Although we note this factor, it is not controlling.

The fact remains that the defendant township board did initially agree with plaintiffs and did rezone the land. The rezoning was nullified by virtue of the referendum vote which caused the land to revert to its prior classification. This Court holds that a referendum vote may not sanction and legitimize a zoning classification which is arbitrary, unreasonable and discriminatory. Upon consideration of the factors here involved, we find that the denial of plaintiffs' proposed zoning classification was unconstitutional.

The decision below is reversed so that a decree may enter in favor of the plaintiffs not inconsistent with this opinion. Costs to the prevailing parties.

All concurred.