POIRIER v GRAND BLANC TOWNSHIP

Docket No. 90972. Submitted December 14, 1987, at Lansing. Decided April 18, 1988.

J. Robert Poirier, III, with the intent of expanding a mobile home park he owned in Grand Blanc Township, Michigan, purchased real property adjacent to the mobile home park and applied to the Grand Blanc Township Board of Trustees for a rezoning of the purchased property from a classification permitting only single-family residences to a classification allowing use as a mobile home park. The township board of trustees unanimously granted the application. However, following a referendum vote, the board's decision was overturned and the property was returned to its original zoning classification. Poirier brought an action in Genesee Circuit Court against Grand Blanc Township and its board of trustees, seeking injunctive relief and a declaration that the zoning of the property was unconstitutional. Following a bench trial, the court, Earl E. Borradaile, J., found that the zoning of plaintiff's property had resulted in an unconstitutional taking of private property without compensation. Pursuant to an order by the trial court, the property was rezoned. Plaintiff, in an amended complaint, raised a claim for damages resulting from the taking. The trial court granted summary disposition in favor of defendants, ruling that plaintiff had no right to damages in tort or for compensation for an unconstitutional taking absent a showing of actual trespass by defendants or that defendants intended to use the property for governmental purposes. Plaintiff appealed.

The Court of Appeals *held:*

1. Where, as here, there has been a finding of an unconstitutional taking of private property without compensation, the

References

Am Jur 2d, Eminent Domain §§ 277, 288, 442.

Am Jur 2d, Zoning and Planning §§ 13, 237 *et seq.*

Validity, construction, and effect of agreement to rezone, or amendment to zoning ordinance, creating special restrictions or conditions not applicable to other property similarly zoned. 70 ALR3d 125.

Validity and construction of "zoning with compensation" regulation. 41 ALR3d 636.

property owner is entitled under the Michigan Constitution to compensation for the period during which the taking was effective. A claim for compensation is not precluded by the fact that defendants had acted under their police power of zoning and without any intent to ultimately condemn or acquire the property.

2. A referendum vote may not sanction and legitimize an unconstitutional zoning classification. Thus, the referendum vote in this case does not preclude a finding that the resulting zoning classification was unconstitutional and that it resulted in a taking requiring compensation.

3. The proper measure of compensation and proof of damages are matters for the trial court's resolution on remand.

Reversed and remanded.

ZONING — REZONING — TAKING OF PRIVATE PROPERTY — COMPENSA-
TION.

An unconstitutional taking of private property by a governmental unit may result where the zoning classification of certain property is changed upon application of the property owner but is later returned to its original classification following a refer-endum vote, thereby precluding the property owner from using the property as intended at the time of purchase; such owner may be entitled to compensation for the period during which the taking was effective (Const 1963, art 10, § 2).

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Stephen D. Winter, Kathleen McCree Lewis* and *Suzanne Sahakian*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Owen J. Cummings* and *Gail P. Massad*), for defendants.

Before: H. HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

T. E. JACKSON, J. Plaintiff appeals as of right from an order of the Genesee Circuit Court granting defendants' motion for summary disposition on the basis that plaintiff had no cause of action for

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

money damages resulting from the unconstitutional zoning of plaintiff's land. We reverse.

Plaintiff owns a mobile home park in Grand Blanc, Michigan. He purchased additional acreage adjacent to the park for expansion purposes which was zoned R-3. This classification permitted single-family residences, but not a mobile home park. Plaintiff applied to the Grand Blanc Township Board of Trustees for rezoning to classification MH to allow for the expansion of the existing mobile home park. The defendant township board voted unanimously to rezone the acreage as requested. However, a subsequent referendum vote overturned the defendant's decision and returned the acreage to its original R-3 zoning classification.

Plaintiff filed a complaint seeking injunctive relief and a declaratory judgment that the R-3 zoning classification was unconstitutional. Following a bench trial, the circuit court found that the zoning of plaintiff's property had resulted in an unconstitutional taking of private property without compensation and issued an order to rezone. The land has been rezoned. Defendants have not appealed the finding that an unconstitutional taking occurred.

Subsequent to the order, plaintiff was allowed to file a second amended complaint with regard to his claim for damages resulting from the taking. The circuit court granted defendants' motion for summary disposition, dismissing with prejudice plaintiff's claims for money damages. In dismissing the claim, the circuit court held that plaintiff had no right to damages in tort or for compensation for an unconstitutional taking. The court rejected the constitutional claim because there was no showing of actual trespass by the defendants or that the defendants intended to use the property for governmental purposes. The court held that the town-

ship had been acting under its police powers without any intent to ultimately condemn the plaintiff's property for public use and, therefore, there could be no cause of action for money damages.

We agree with the circuit court that damages in tort are not available in the present action. *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978). However, we hold that a claim for damages can be made where a court has found an unconstitutional taking of private property without compensation.

Michigan recognizes that the application of a zoning law to a particular property can constitute a taking. *Spanich v Livonia,* 355 Mich 252, 259-260, 265; 94 NW2d 62 (1959). Under the Michigan and United States Constitutions, a taking of private property entitles the owner to just compensation for the value of the property taken. Const 1963, art 10, § 2; US Const, Am V.

The lower court having found that the denial of rezoning was an unconstitutional taking of private property without compensation, and there being no appeal of that finding, the sole question before this Court is whether compensation is appropriate in these circumstances. Plaintiff's claim of entitlement to compensation is not the typical case where a plaintiff seeks recovery in a condemnation or inverse condemnation action or seeks damages for a permanent taking. Plaintiff seeks to recover damages for defendants' *temporary* taking of his property which was accomplished through defendants' police power of zoning. While there is abundant Michigan law on compensation for a permanent taking, plaintiff has presented a question not yet resolved by a Michigan court.

The United States Supreme Court, however, recently held that a governmental entity can be required under the Fifth Amendment to pay for

"temporary" regulatory takings in *First English Evangelical Lutheran Church of Glendale v County of Los Angeles,* 482 US —; 107 S Ct 2378; 96 L Ed 2d 250 (1987).

In *First English,* the county used its police powers to pass an ordinance which prohibited building in an interim flood protection area which included Lutherglen, land owned and operated by plaintiff as a retreat and recreational area. Plaintiff alleged that the ordinance denied it all use of the land and sought damages for this deprivation. The California courts rejected the claim for damages and maintained that the only remedy available was to challenge the regulation.

The Supreme Court rejected this position. It restated the established doctrine that regulation that goes too far will be recognized as a taking. 107 S Ct 2386. Where government action works a taking, that necessarily implies the constitutional obligation to pay just compensation. *Id.* That the regulation was an interim one or could be invalidated did not preclude an award for damages. The Court held that " 'temporary' takings . . . are not different in kind from permanent takings, for which the Constitution clearly requires compensation." 107 S Ct 2388. Where government activities effect a taking, the mere invalidation of the offending ordinance does not relieve the government of its duty to provide compensation for the period during which the taking was effective. 107 S Ct 2389. The Court did not distinguish between takings accomplished by the use of police power or by eminent domain. The key consideration was whether there had been a taking.

In *First English,* the Court relied in significant part upon the dissenting opinion of Justice Brennan in *San Diego Gas & Electric Co v City of San Diego,* 450 US 621; 101 S Ct 1287; 67 L Ed 2d 551

(1981). In his dissent Justice Brennan accepted that a temporary taking could require compensation for reasons consistent with those adopted in *First English.*

While compensation for a temporary taking has not been addressed by the Michigan courts, our Supreme Court considered the concept of awarding damages for a temporary taking caused by zoning as set forth in *San Diego* to be "intriguing" and "appealing." *Schwartz v City of Flint,* 426 Mich 295, 315, 324; 395 NW2d 678 (1986). We note that other states have relied on *San Diego* in holding that temporary takings are compensable in the zoning context. See *Corrigan v City of Scottsdale,* 149 Ariz 538; 720 P2d 513 (1986); *Rippley v City of Lincoln,* 330 NW2d 505 (ND, 1983); *Sheerr v Evesham Twp,* 184 NJ Super 11; 445 A2d 46 (1982).

The *Schwartz* Court discussed Justice Brennan's *San Diego* dissent at some length but declined to fully consider or endorse the concept since plaintiff had not asked for temporary damages. However, the Court stated that if the temporary taking doctrine were to be accepted, "there must be no critical distinction between takings for obviously public purposes and those effected through normal zoning, assuming that a *taking* has been found." *Id.* at 316, n 14 (emphasis in original).

We note that this Court in *Kethman v Oceola Twp,* 88 Mich App 94, 104-105; 276 NW2d 529 (1979), apparently would have been willing to sustain an award of damages for a temporary taking if a taking had been found. Kethman's claim of damages was apparently for losses incurred while a zoning variance was illegally withheld. This Court affirmed the validity of the variance but rejected the damage claims based on contract and tort theories and because no taking

had been found. However, on the taking claim, the Court observed:

> [T]he trial court's award of damages may be upheld, at least in part, if the facts of this case indicate that the defendant township has unconstitutionally taken private property for its own use. [*Id.* at 104.]

As in *First English,* and as noted in *Schwartz,* the controlling issue is whether a taking can be found.

The Genesee Circuit Court distinguished government interference through the power of eminent domain, which gives rise to a duty to compensate, from interference through police power, with no duty to compensate, relying on *Charles v Diamond,* 41 NY2d 318; 360 NE2d 1295 (1977), and 16A Am Jur 2d, Constitutional Law, §§ 365 and 408. The trial court held that no compensation is due for an unconstitutional taking by police power unless the government intends to eventually acquire ownership or the government has already intruded on the property. The sole remedy, according to the trial court, is to declare the regulation unconstitutional.

The *First English* Court rejected the argument that the only remedy is to challenge the regulation. That the right to compensation should not depend on whether the taking was accomplished by police power or by eminent domain is supported by the following language in *Schwartz:*

> Police power regulations such as zoning ordinances and other land-use restrictions can destroy the use and enjoyment of property in order to promote the public good just as effectively as formal condemnation or physical invasion of property . . . . "[T]he Constitution measures a

taking of property not by what a State says, or by what it intends, but by what it does." [*Schwartz, supra* at 315, n 14, quoting *San Diego, supra* (Brennan, J., dissenting).]

We hold that where there has been a finding of an unconstitutional taking of private property without compensation, the property owner is entitled under the Michigan Constitution to compensation for the period during which the taking was effective. That the township acted under its police power without any intent to ultimately condemn or acquire the property does not preclude a claim for compensation.

As to defendants' argument that the referendum vote justifies denying damages, a referendum vote may not sanction and legitimize an unconstitutional zoning classification. *Mohave Plantations, Inc v Rose Twp,* 23 Mich App 232; 178 NW2d 499 (1970). The referendum vote does not preclude a finding that the resulting zoning classification was unconstitutional and resulted in a taking requiring compensation.

Defendants' request for relief asks this Court to remand this case for reconsideration of the taking issue. If defendants disputed the lower court's finding that the zoning was unconstitutional or resulted in a taking, they should have appealed the order to rezone and properly briefed the issue. We deny their request.

As to the compensation required, Justice Brennan proposed the following:

Ordinary principles determining the proper measure of just compensation, regularly applied in cases of permanent and temporary "takings" involving formal condemnation proceedings, occupations, and physical invasions, should provide guidance to the courts in the award of compensation

for a regulatory "taking." [*San Diego, supra,* 450 US 658-659.]

The proper measure of compensation and proof of damages are to be resolved by the circuit court upon remand.

The lower court's dismissal of plaintiff's claim for damages is reversed. This case is remanded for a determination of damages for defendants' taking of plaintiff's property.

Reversed and remanded.