DEPARTMENT OF TRANSPORTATION v DONDERO

Docket No. 96329. Submitted June 16, 1988, at Detroit. Decided
    September 19, 1988. Leave to appeal applied for.

On August 31, 1982, the Department of Transportation brought
    an action against Teetah Dondero to condemn a property she
    owned. Defendant filed a counterclaim for lost profits and
    ground rent for a period of time before the filing of plaintiff's
    complaint. The Oakland Circuit Court, Fred M. Mester, J.,
    granted summary disposition to plaintiff on defendant's coun-
    terclaim. Defendant appealed.

The Court of Appeals *held:*

A property owner may not recover in a condemnation action
    for injuries incurred prior to the established date of taking. The
    date of taking is the date of filing the condemnation action
    unless a different date is determined by agreement of the
    parties or by the court after a counterclaim contesting the date
    and raising the issue is filed. Since defendant did not dispute
    the date of taking, it is deemed by law to be the date of filing.
    Therefore, the court properly granted summary judgment.

Affirmed.

1. EMINENT DOMAIN — JUST COMPENSATION — CONSTITUTIONAL LAW.

    Private property shall not be taken for public use without just
    compensation therefor being first made or secured in a manner
    prescribed by law; just compensation is that amount of compen-
    sation which places the injured party in as good a condition as
    he would have been had the injury not occurred (Const 1963,
    art 10, § 2).

2. EMINENT DOMAIN — DATE OF TAKING — UNIFORM CONDEMNATION
    PROCEDURES ACT — PLEADING.

    A property owner may not recover in a condemnation action for
    injuries incurred prior to the established date of taking; the
    date of taking is the date of filing the condemnation action
    unless a different date is determined by agreement of the

REFERENCES

Am Jur 2d, Eminent Domain §§ 150 *et seq.*
See the Index to Annotations under Eminent Domain.

parties or by the court after a counterclaim contesting the date and raising the issue is filed (MCL 213.70; MSA 8.265[20]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Ronald F. Rose*, Assistant Prosecuting Attorney, and *Harvey R. Dean*, Special Assistant Prosecuting Attorney, for plaintiff.

*Mason, Steinhardt & Jacobs, P.C.* (by *Frederick D. Steinhardt*), for defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and HOOD, JJ.

SHEPHERD, P.J. In this statutory action brought by plaintiff Michigan Department of Transportation under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.*, defendant Teetah Dondero appeals as of right from an Oakland Circuit Court order granting summary disposition in favor of plaintiff on defendant's counterclaim for damages. We affirm.

Plaintiff filed this action on August 31, 1982, in connection with the construction of a freeway known as I-696. It involves a fifteen thousand square foot piece of property owned by defendant. The property housed a restaurant for many years prior to its closure in 1967. The building later burned down, and the property was vacant at the time plaintiff filed the action.

Defendant responded by filing a two-count counterclaim against plaintiff, alleging that the property had been vacant and undeveloped since 1969 as a result of its impending condemnation for I-696. In Count I, defendant alleged that plaintiff's actions while planning its acquisition of the property for I-696 constituted a constructive or de facto taking pursuant to the UCPA, MCL 213.71; MSA

8.265(21), and sought to recover the fair market value of the property on January 1, 1969, the alleged date of "taking" by plaintiff. In Count II, defendant alternatively sought to recover the fair market value of the property on the date plaintiff filed this action (August 31, 1982) if that date was determined to be the date of "taking," as well as lost profits or ground rents that she allegedly would have earned between January 1, 1969, and the date of filing but for the pendency of I-696.

In 1984, plaintiff moved for summary disposition for failure to state a claim, GCR 1963, 117.2, now MCR 2.116(C)(8), on both counts of the counterclaim and the trial court granted the motion. Defendant later withdrew Count I. Following a jury trial in 1986, defendant was awarded $155,000, which represented the value of her property on August 31, 1982.

On appeal, the sole issue raised by defendant relates to the trial court's grant of summary disposition in favor of plaintiff on Count II of her counterclaim. Defendant argues that she was entitled to recover lost profits during the pendency of the taking as an additional element of damages. We disagree.

Under both the United States and Michigan constitutions, it is the "taking" of property which entitles the property owner to just compensation. US Const, Am V; Const 1963, art 10, § 2. When an agency, such as plaintiff, exercises its condemnation powers to acquire the property, the UCPA must be looked to for the applicable procedures and the available damages and remedies. See MCL 213.52; MSA 8.265(2); *State Highway Comm v Biltmore Investment Co, Inc,* 156 Mich App 768, 771; 401 NW2d 922 (1986). Consistent with the constitutional mandate, the property owner is entitled to just compensation for the property taken. MCL

213.63; MSA 8.265(13). The required methodology for determining the value of the property is set forth in MCL 213.70; MSA 8.265(20), which provides in pertinent part:

> The property shall be valued in all cases as though the acquisition had not been contemplated. The date of acquiring and of valuation in a proceeding pursuant to this act shall be the date of filing unless the parties agree to a different date, or unless a different date is determined by a counterclaim filed pursuant to section 21. The value of each parcel, and of a part of a parcel remaining after the acquisition of a part of the parcel, shall be determined with respect to the condition of the property and the state of the market on the date of valuation.

Hence, the threshold question is the date of the acquisition or taking, and the next question is the just compensation owed for that taking. Pursuant to the above quoted statute and MCL 513.71; MSA 8.265(21), the property owner may contest the date of taking by filing a counterclaim asserting "any claim for damages based on conduct by an agency which constitutes a constructive or de facto taking of property," with "constructive taking" and "de facto taking" defined by referring to its meaning in Const 1963, art 10, § 2. See MCL 213.51(d); MSA 8.265(1)(d).

While there is authority to support the notion that a condemned business may obtain compensation for damages above the value of the land and buildings taken by the agency, i.e. MCL 213.51(h); MSA 8.265(1)(h) (defining "property" as including personal property rights and intangibles) and *Detroit v Campbell,* 146 Mich App 295; 380 NW2d 88 (1985), there can be no recovery unless there is a taking. Defendant's reliance on *Poirier v Grand*

*Blanc Twp,* 167 Mich App 770; 423 NW2d 351 (1988), a case involving a property owner's suit to recover money damages resulting from an unconstitutional zoning of his land, to support her claim for compensation for alleged pretaking damages is misplaced. Although temporary, the *Poirier* Court found an unconstitutional "taking" of property and concluded that the property owner was entitled to recover damages for the taking.

The action here was commenced under the UCPA, and defendant was required by MCL 213.71; MSA 8.265(21) to raise challenges to the date of taking in a counterclaim. Defendant ultimately chose not to contest the date of taking but, rather, to seek a recovery of pretaking lost profits as an element of just compensation. Even in a condemnation proceeding, just compensation is no more than the amount of compensation which would place the injured party in as good a position as that party would have been had no injury occurred. *Detroit v Hamtramck Community Federal Credit Union,* 146 Mich App 155, 157; 379 NW2d 405 (1985). The injury here was the taking, an event which occurred on August 31, 1982. Had no taking occurred on that date, there would have been no compensable injury. Thereafter compensating defendant for the taking on August 31, 1982, as well as for past events dating back to 1969 as an additional element of damages, would have put defendant in a better position than she would have been had no taking occurred at all.

As a matter of law, we conclude that defendant was not entitled to alleged pretaking lost profits as an additional element of damages. We hold that a property owner cannot recover in an UCPA action for injuries allegedly incurred prior to the established date of taking. When faced with events that occurred prior to the suit which might constitute a

constructive taking as of an earlier date, the property owner is free to pursue that theory as an alternative to the date claimed by the condemning authority. Damages as of each date may be proved and the trier of fact may find damages as of one date or the other. In the instant case the property owner abandoned the 1969 date and chose to try the matter using 1982 as the date of taking. That is the only date that may be considered. Accordingly, the trial court did not err in granting summary disposition in favor of plaintiff on Count II of the counterclaim.

Although plaintiff argues that the trial court lacked subject matter jurisdiction to consider defendant's counterclaim, we find no merit in this argument. The defendant's counterclaim directly related to the amount of just compensation she was entitled to recover for the taking of her property, an issue that falls squarely within the UCPA action initiated by plaintiff.

Affirmed.