CARABELL v DEPARTMENT OF NATURAL RESOURCES

Docket No. 119445. Submitted June 11, 1991, at Lansing. Decided July 31, 1991; approved for publication October 22, 1991, at 9:05 A.M. Leave to appeal sought.

Keith A. Carabell and the other owners of an undeveloped parcel of realty brought an action in the Court of Claims against the Department of Natural Resources, seeking a declaration that the defendant, in refusing to issue a permit for the construction of a condominium complex and in designating most of the parcel as a protected wetland, had unconstitutionally taken the property without just compensation. The court, Thomas L. Brown, J., following the close of the plaintiffs' proofs at trial, granted the defendant's motion for involuntary dismissal. The plaintiffs appealed.

The Court of Appeals *held:*

Government land-use regulation may, under extreme circumstances, amount to a taking of the affected private property, entitling the property owner to just compensation. Factors to be considered in determining whether an application of a land-use regulation to a particular piece of property is a taking include the economic effect of the regulation on the property owner, particularly the extent to which the regulation interferes with distinct investment-backed expectations, and the character of the governmental action. The test is whether the regulation deprives the owner of an economically viable use of the land. However, the mere fact that a regulation deprives the owner of the most profitable use of the property does not necessarily establish the owner's right to just compensation.

In this case, the economic effect of the wetland designation and the denial of the permit for a condominium complex is not so severe as to compel the conclusion that a taking had occurred.

Affirmed.

*Anthony & Hearsch* (by *Francis J. Hearsch, Jr.*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, and *Thomas J. Emery* and *Leo H. Friedman,* Assistant Attorneys General, for the defendant.

Before: McDONALD, P.J., and MacKENZIE and FITZGERALD, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's grant of defendant's motion for involuntary dismissal pursuant to MCR 2.504(B). Plaintiffs sought a declaration that defendant's refusal to issue a permit to build a condominium complex submitted by a building contractor seeking to purchase plaintiffs' land was an unconstitutional taking of land without just compensation. The denial was based on the Wetland Protection Act, MCL 281.701 *et seq.*; MSA 18.595(51) *et seq.* On appeal, plaintiffs contend that sufficient facts were presented to the trial court to establish a taking. We disagree and affirm the dismissal.

Plaintiffs are part owners of a 19.5-acre parcel of land in Macomb County. The property, which is zoned for multiple dwellings, was purchased in 1971 with the intention of building apartment houses on the land. Although plaintiffs invested a substantial sum of money to prepare the site for the anticipated construction, a downturn in the economy in the 1980s thwarted their plans.

In 1987, plaintiffs accepted Seminole Investments' offer to purchase the property. The offer was contingent on Seminole receiving a permit from the Department of Natural Resources to develop a 200-unit condominium complex.

The DNR refused to issue a permit because nineteen acres of the parcel is considered to be wetland under the Wetland Protection Act. Neither Seminole nor plaintiffs submitted another application, and the sale was subsequently cancelled.

Plaintiffs filed this suit, alleging that the designation of their property as wetland constituted a taking by inverse condemnation, depriving them of an economically viable use of their land for which they should be compensated, MCL 281.721; MSA 18.595(71). The trial court disagreed, finding that feasible or prudent alternatives for use of the property may exist and that plaintiffs failed to "exhaust all ends in determining whether there was any use whatsoever for [the] land."

We note that plaintiffs did not challenge the validity of the statutes or regulations involved in this case. Nor did they challenge the DNR's denial of the request to develop the land for a condominium complex. Instead, plaintiffs merely argued that the designation of the property as wetland constituted a taking for which they were entitled to compensation. Therefore, the limited inquiry before us is whether the government action in this case constituted a taking.

Government land-use regulation may, under extreme circumstances, amount to a taking of the affected private property, which, in turn, entitles the property owner to just compensation under the United States and Michigan Constitutions. US Const, Am V; Const 1963, art 10, § 2. See, e.g., *United States v Riverside Bayview Homes, Inc,* 474 US 121, 126; 106 S Ct 455; 88 L Ed 2d 419 (1985); *Bond v Dep't of Natural Resources,* 183 Mich App 225, 230; 454 NW2d 395 (1989); *Blue Water Isles Co v Dep't of Natural Resources,* 171 Mich App 526, 535-536; 431 NW2d 53 (1988). What type of government action will constitute a taking is essentially an ad hoc inquiry. *Keystone Bituminous Coal Ass'n v DeBenedictis,* 480 US 470; 107 S Ct 1232; 94 L Ed 2d 472 (1987); *Blue Water Isles Co, supra.* The factors to be considered in deter-

mining whether application of a land-use regulation to a particular piece of property is a taking include the economic impact of the regulation on the property owner, particularly the extent to which the regulation interferes with "distinct investment-backed expectations," and the character of the government action. *Bond, supra* at 231. The test, in pertinent part, looks to whether the regulation deprives the owner of an economically viable use of his land. *Id.* The mere fact that a regulation deprives the owner of the most profitable use of his property does not necessarily establish the owner's right to just compensation. *Andrus v Allard,* 444 US 51, 66; 100 S Ct 318; 62 L Ed 2d 210 (1979).

Applying these factors to this case, we conclude that the trial court did not clearly err in determining that the DNR's denial of a permit did not amount to a taking. We do not believe that the mere designation of most of the property as wetland constitutes a taking. *Bond, supra* at 231. Despite that designation and the denial of the permit, plaintiffs are free to submit further applications for developments that might be approved. The designation itself does not deprive plaintiffs of an economically viable use of their land. We acknowledge and agree with plaintiffs' allegation that one profitable use of the property has been denied. However, as the trial court determined, plaintiffs failed to present proof that no other economically feasible use for the property exists and failed to submit further applications for permits. In other words, the economic impact of the designation and denial of the permit to build a large condominium complex is not so severe as to compel us to hold that a taking occurred.

Affirmed.