POIRIER v GRAND BLANC TOWNSHIP (AFTER REMAND)

Docket No. 119304. Submitted July 15, 1991, at Detroit. Decided
January 21, 1992, at 9:45 A.M. Leave to appeal sought.

J. Robert Poirier, III, brought an action in the Genesee Circuit
Court against Grand Blanc Township and its board of trustees,
seeking declaratory and injunctive relief after a zoning referen-
dum reversed the board's approval of a rezoning application by
the plaintiff that would have allowed him to use property
originally zoned for single-family dwellings for the expansion of
an adjacent mobile home park. The court, Earl E. Borradaile,
J., following a bench trial, ordered the property rezoned to
permit use as a mobile home park, determining that an uncon-
stitutional taking of property had occurred when the property
was rezoned pursuant to the referendum. The plaintiff
amended his complaint to seek damages, and the court granted
summary disposition for the defendants on the claim for dam-
ages, ruling that the plaintiff had no right to damages in tort
or for compensation for the unconstitutional taking absent a
showing of actual trespass by the defendants or that the
defendants intended to use the property for governmental
purposes. The Court of Appeals reversed the decision of the
trial court and remanded the case, holding that, where there
has been a finding of an unconstitutional taking of property
without compensation, the property owner is entitled under
Const 1963, art 10, § 2 to compensation for the period during
which the taking was effective. 167 Mich App 770 (1988). On
remand, the trial court awarded the plaintiff compensation for
increased construction costs and for lost income from money
used in purchasing the property, but made no award for lost
profits. The trial court also denied the defendants' motion for a
new trial, rejecting their claim that limited discovery had
denied them a fair trial. The defendants appealed, claiming
that the trial court used an improper measure of damages,
erred in refusing to admit evidence of the fair market value of

REFERENCES

Am Jur 2d, Zoning and Planning § 13.
See the Index to Annotations under Eminent Domain; Inverse
Condemnation; Zoning.

the property, and denied them a fair trial by allowing an insufficient time for discovery. The plaintiff cross appealed, claiming that the award of damages was inadequate.

The Court of Appeals *held:*

1. The trial court chose a proper measure of damages. There is no single formula that must be applied in all cases of temporary taking effected by unconstitutional zoning ordinances. Rather, the proper measure must be decided on the facts of each case with the goal of compensating the property owner for losses actually incurred as a result of the temporary taking. The trial court did not err in awarding damages for increased construction costs and lost income, and in refusing to award damages for lost profits on the ground that such profits were speculative.

2. The trial court did not abuse its discretion in disallowing evidence of the fair market value of the property when used for single-family housing. Implicit in the trial court's finding of a taking was a determination that the property had no value when zoned for such housing.

3. The trial court did not abuse its discretion in denying the defendants a new trial. The defendants were able to depose the plaintiff's experts in preparation for trial, and they did not object to the limitation of discovery until after trial was concluded.

4. The trial court did not clearly err in finding that the taking was effective from the date of the referendum to the date of the court's order directing rezoning to the classification allowing use as a mobile home park. Accordingly, the trial court did not err in using these dates when it determined the amount of damages.

5. The trial court, in determining the increase in construction costs occasioned by the taking, did not err in relying on the testimony of one, but not a second, expert offered by the plaintiff.

Affirmed.

ZONING — CONSTITUTIONAL LAW — TAKING — DAMAGES.

Where a zoning ordinance is declared invalid on the basis that it results in an unconstitutional taking, the proper measure of damages must be decided on the facts of the case with a view toward compensating the property owner for losses actually incurred in the period between the adoption of the ordinance and its invalidation by the court (Const 1963, art 10, § 2).

*Dykema Gossett (by Stephen J. Winter, Kath-*

*leen McCree Lewis*, and *Kevin P. Fularczyk*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad* and *Owen J. Cummings*), for the defendants.

### AFTER REMAND

Before: DOCTOROFF, P.J., and McDONALD and BRENNAN, JJ.

DOCTOROFF, P.J. Defendants appeal as of right from a circuit court order granting plaintiff damages as compensation for defendants' temporary taking of plaintiff's property. Defendants argue that the trial court erroneously applied a tort-based calculation of damages, that the trial court erred in refusing to admit evidence of the fair market value of the property, and that they were denied a fair trial because insufficient time was allowed for discovery. Plaintiff cross appeals, arguing that the damages awarded are inadequate. We affirm.

The underlying facts of this case are set forth in *Poirier v Grand Blanc Twp*, 167 Mich App 770, 772-773; 423 NW2d 351 (1988), as follows:

Plaintiff owns a mobile home park in Grand Blanc, Michigan. He purchased additional acreage adjacent to the park for expansion purposes which was zoned R-3. This classification permitted single-family residences, but not a mobile home park. Plaintiff applied to the Grand Blanc Township Board of Trustees for rezoning to classification MH to allow for the expansion of the existing mobile home park. The defendant township board voted unanimously to rezone the acreage as requested. However, a subsequent referendum vote over-

turned the defendants' decision and returned the acreage to its original R-3 zoning classification.

Plaintiff filed a complaint seeking injunctive relief and a declaratory judgment that the R-3 zoning classification was unconstitutional. Following a bench trial, the circuit court found that the zoning of plaintiff's property had resulted in an unconstitutional taking of private property without compensation and issued an order to rezone. The land has been rezoned. Defendants have not appealed the finding that an unconstitutional taking occurred.

Subsequent to the order, plaintiff was allowed to file a second amended complaint with regard to his claim for damages resulting from the taking. The circuit court granted defendants' motion for summary disposition, dismissing with prejudice plaintiff's claims for money damages. In dismissing the claim, the circuit court held that plaintiff had no right to damages in tort or for compensation for an unconstitutional taking. The court rejected the constitutional claim because there was no showing of actual trespass by the defendants or that the defendants intended to use the property for governmental purposes. The court held that the township had been acting under its police powers without any intent to ultimately condemn the plaintiff's property for public use and, therefore, there could be no cause of action for money damages.

In the previous appeal, this Court reversed the trial court's grant of summary disposition for the defendants and held "that where there has been a finding of an unconstitutional taking of private property without compensation, the property owner is entitled under the Michigan Constitution to compensation for the period during which the taking was effective." *Id.*, p 777. The Court remanded the case to the trial court for a determination of damages for defendants' taking of plaintiff's property. On remand, the trial court awarded

plaintiff $104,093 as compensation for increased construction costs and $30,030 as compensation for lost income. The trial court denied plaintiff's request for damages for lost profits.

Defendants contend that damages should be calculated on the basis of the "fair market rate of return" theory and that the trial court erroneously applied a tort-based theory of damages derived from *Corrigan v Scottsdale,* 149 Ariz 538; 720 P2d 513 (1986), cert den 479 US 986 (1986).

Government taking of private property without just compensation is prohibited by US Const, Am V, and Const 1963, art 10, § 2. As noted in *Poirier I,* defendants have not appealed the trial court's finding that an unconstitutional taking occurred. 167 Mich App 772. It is well settled that just compensation is compensation that places the property owner in as good a condition as he would have been had the injury not occurred. *In re Widening of Bagley Avenue,* 248 Mich 1, 5; 226 NW 688 (1929); *Detroit v Michael's Prescriptions,* 143 Mich App 808, 811; 373 NW2d 219 (1985); *Dep't of Transportation v Dondero,* 171 Mich App 567, 571; 430 NW2d 785 (1988). "There is no formula or artificial measure of damages applicable to all condemnation cases. The amount to be recovered by the property owner is generally left to the discretion of the trier of fact after consideration of the evidence presented." *Jack Loeks Theatres, Inc v Kentwood,* 189 Mich App 603, 608; 474 NW2d 140 (1991).

In awarding damages to plaintiff, the trial court agreed with the reasoning of the Arizona Supreme Court in *Corrigan, supra.* The Arizona court held that money damages are recoverable for a temporary taking effected by an unconstitutional zoning ordinance. In determining the proper measure of damages, the *Corrigan* court recognized five basic

rules for measuring damages in cases involving temporary taking: rental return, option price, interest on lost profit, before-after valuation, and benefit to the government. *Corrigan, supra,* p 543. The Arizona Supreme Court refused to adopt any one rule for application in all cases:

> Each of these damage measures works well in some "taking" cases and inequitably, if at all, in others. This is because no one rule adequately fits each of the many factual situations that may be present in a particular case. Such problems as: whether the losses are speculative; when the taking actually occurred; whether it caused any damage; and whether it was an acquisitory or nonacquisitory setting combine to make each measure of damages, in some cases, a "guessing game" between too little compensation on the one hand and providing a windfall on the other.
>
> Recognizing this problem, we feel the best approach is not to require the application of any particular damage rule to all temporary taking cases. Instead we hold that the proper measure of damages in a particular case is an issue to be decided on the facts of each individual case. It is our intent to compensate a person for the losses he has actually suffered by virtue of the taking. Either the parties may agree to an appropriate damage measure or each may present evidence as to the actual damages in the case and its correct method of determination. The damages awarded and the way to measure those damages thus may be adapted to compensate the party whose land has been taken for his actual losses.
>
> We emphasize, however, that no matter what measure of damages is appropriate in a given case, the award must only be for *actual damages.* Such actual damages must be provable to a reasonable certainty similar to common law tort damages. See *Carey v Piphus,* 435 US 247; 98 S Ct 1042; 55 L Ed 2d 252 (1978). This approach will compensate for losses actually suffered while avoiding the threat

of windfalls to plaintiffs at the expense of substantial government liability. Wright, *Damages or Compensation for Unconstitutional Land Use Regulations,* 37 Ark L R at 637-39; *City of Austin v Teague,* 570 SW2d [389, 395 (Tex, 1978)]. [149 Ariz 543-544; emphasis in original.]

We agree with the Arizona Supreme Court that a flexible approach to the award of compensation in cases involving temporary taking is the best approach. The trial court in the present case awarded plaintiff actual damages for increased construction costs and loss of income. It denied plaintiff's claim for lost profits on the ground that it was speculative. Admittedly, the damages awarded by the trial court are analogous to tort damages. Nevertheless, we conclude that the measure of damages is consistent with this Court's guidance in *Poirier I* and that application of the "fair market value rate of return" theory urged by defendants would not place plaintiff in as good a position as he would have been had no taking occurred. Accordingly, we hold that the trial court did not err in determining the measure of damages to apply in this case.

Defendants next argue that the trial court erred in refusing to admit evidence of the fair market value of the property when it was zoned R-3.

At the trial on damages, defense counsel attempted to cross-examine plaintiff's witness by asking about the value of the property when zoned for single-family housing. The trial court sustained plaintiff's objection, ruling that implicit in its ruling that there was an unconstitutional taking was the finding that the property did not have value when zoned for single-family housing. Defense counsel subsequently attempted to elicit the same information from his witness on direct examination. The trial court again sustained plaintiff's

objection and ruled that the question was part of the law of the case.

A trial court's decision whether to admit evidence is reviewed for an abuse of discretion. *Gore v Rains & Block,* 189 Mich App 729, 737; 473 NW2d 813 (1991).

Under the doctrine of law of the case, a ruling by an appellate court on a legal question binds the appellate court and all lower tribunals and the question may not be differently determined in the same case where the facts remain materially the same. *Manistee v Manistee Firefighters Ass'n,* 174 Mich App 118, 125; 435 NW2d 778 (1989); *People v Brown,* 173 Mich App 202, 209; 433 NW2d 404 (1988). "This doctrine applies only to those questions determined by an appellate court's prior decision and to those questions which are necessary to the court's determination." *Toska v Campbell,* 155 Mich App 671, 674; 400 NW2d 617 (1986).

The trial court's determination that an unconstitutional taking occurred was not appealed to this Court in *Poirier I.* The issue of the trial court's findings in support of its ruling that a taking occurred was not considered by this Court nor was it necessary for its decision. Thus, we agree with defendants that the trial court erroneously ruled that evidence of the value of the property was precluded by the law-of-the-case doctrine. Nevertheless, we find no abuse of discretion in the trial court's refusal to admit evidence of the value of the property when zoned for single-family housing. In order for the trial court to find a taking, it necessarily had to find that the property was unsuitable for use as zoned. *Kirk v Tyrone Twp,* 398 Mich 429, 444; 247 NW2d 848 (1976); *Carabell v Dep't of Natural Resources,* 191 Mich App 610; 478 NW2d 675 (1991). Implicit in the finding that a taking occurred is a finding that the property did

not have value when zoned for single-family homes. Because the trial court had previously determined that the property did not have value when zoned for single-family housing, it did not abuse its discretion in denying admission of the evidence at the damages trial.

Next, defendants claim that they were denied a fair trial because the scheduling order issued by the trial court limited discovery to two weeks.

This Court's decision in *Poirier I* remanding the case to the trial court was released on April 18, 1988. The Michigan Supreme Court denied plaintiff's application for leave to appeal on December 29, 1988. A pretrial conference was held on April 14, 1989. The pretrial scheduling order set a discovery cut-off date of April 28, 1989. Trial was scheduled to begin on May 3, 1989. Defendants did not object to the limitation on discovery until after trial. In denying defendants' motion for a new trial on this issue, the trial court found that the parties had sufficient opportunity to prepare.

A new trial may be granted whenever the substantial rights of all or some of the parties are materially affected by an irregularity that denied the moving party a fair trial. MCR 2.611(A)(1)(a). The trial court's decision on a motion for a new trial will not be reversed absent a clear abuse of discretion. *People v Langley,* 187 Mich App 147, 151; 466 NW2d 724 (1991).

The trial court did not abuse its discretion. Trial was limited to the issue of damages. Defendants deposed plaintiff's experts within the discovery schedule and did not object to the scheduling order until after trial. The limitation on discovery did not deny defendants a fair trial.

On cross appeal, plaintiff claims that the damages awarded are inadequate. Plaintiff asserts that the trial court erred in ruling that the taking

began on August 10, 1982, and ended on August 30, 1984, that the trial court made erroneous findings of fact concerning plaintiff's claim for increased construction costs and lost profits from operation of the mobile home park, and that the trial court erroneously denied his claim for lost profits on mobile home sales.

A trial court's finding of fact will not be set aside unless clearly erroneous. MCR 2.613(C). A finding of fact is clearly erroneous if, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake has been made. *Eveline Twp v H & D Trucking Co,* 181 Mich App 25, 30; 448 NW2d 727 (1989).

Where government activities have effected a taking of private property, the property owner is entitled to compensation for the period during which the taking was effective. *Poirier I, supra,* p 777.

The trial court found that the taking began on August 10, 1982, the date the referendum vote overturned the grant of rezoning. We find no error in the trial court's ruling that the taking was not effective until after the vote. The denial of the rezoning was the first government action that prevented plaintiff's use of the land.

Nor do we find error in the trial court's ruling that the temporary taking of plaintiff's property ended on August 30, 1984, the date the trial court entered its order to rezone the property. Although the property was not rezoned until the trial court entered a partial consent judgment on January 23, 1985, defendants were enjoined from enforcing the R-3 zoning from the time it was found unconstitutional. *Schwartz v City of Flint,* 426 Mich 295; 395 NW2d 678 (1986). The trial court's August 30, 1984, order returned plaintiff to the position he was in when he bought the property. The taking

did not continue after the invalidation of the zoning ordinance that designated the property R-3.

Having found that the trial court did not err in establishing the beginning and ending dates of the taking, we reject plaintiff's argument that the damages for increased construction costs are inadequate because the trial court erred in determining those dates. Plaintiff also argues that those damages are inadequate because the trial court relied on the wrong evidence. Plaintiff's first expert testified with regard to the costs that would have been incurred if construction had commenced on September 1, 1981 ($1,077,612); April 1, 1982 ($1,080,671); August 1, 1982 ($1,091,959); and January 1, 1985 ($1,196,052). Plaintiff's second expert testified that the actual construction costs, including costs incurred through September 1986, were $1,250,000, and estimated that, if construction had commenced in the fall of 1982, construction costs would have been $1,097,000. In determining the increased construction costs, the trial court relied on the figures given by plaintiff's first expert. The trial court's reliance on plaintiff's first expert was not clearly erroneous.

We also reject plaintiff's argument that the trial court erroneously denied his claim for lost profits. The trial court determined that the evidence offered in support of plaintiff's claim for lost profits was speculative. Before lost profits are recoverable, they must be proven with a reasonable degree of certainty as opposed to being based on mere conjecture or speculation. *Body Rustproofing, Inc v Michigan Bell Telephone Co,* 149 Mich App 385, 390; 385 NW2d 797 (1986). However, the law does not require impossibilities and does not require a higher degree of certainty than the nature of the case permits. *Id.* Having reviewed the entire record, we are not left with a definite and firm

conviction that the trial court made a mistake. Accordingly, we affirm the trial court's decision regarding the amount of plaintiff's damages.

Affirmed.