David H. LUCAS, Respondent v. SOUTH CAROLINA COASTAL COUNCIL, Appellant.

(424 S.E. (2d) 484)

Supreme Court

November 20, 1992.

## ORDER ON REMAND

In 1986 David H. Lucas (Lucas) purchased two oceanfront lots on the Isle of Palms, South Carolina. At the time of purchase, both lots were zoned and suitable for single-family residential construction. Prior to Lucas's commencing construction on these lots, the Legislature of this State enacted the 1988 Beachfront Management Act, S.C.Code Ann. §§ 48-39-10 to -360 (Supp. 1991) (1988 Act). Under the 1988 Act, South Carolina Coastal Council (Coastal Council) was charged with establishing new baselines and setback lines for the coast. *Id.* § 48-39-280(C). Lucas's lots are entirely seaward of the baseline and setback line drawn for the area in which Lucas's property is located. Thus, as a consequence of the 1988 Act, Lucas was restrained from constructing any more than a walkway or small deck on his property. *Id.* § 48-39-290.

Lucas filed a summons and complaint in which he alleged that the 1988 Act constituted a permanent taking of his private property without just compensation. The trial judge held that the 1988 Act did constitute a permanent, total taking of private property without just compensation in contravention of the Fifth Amendment of the United States Constitution and Article I, Section 13 of the South Carolina Constitution. Coastal Council appealed.

During the pendency of the appeal, but after briefing and oral argument before this Court, the 1988 Act was amended to authorize Coastal Council to issue "special permits" for the

construction of habitable structures seaward of the established baseline. S.C. Code Ann. § 48-39-290(D)(1) (Supp. 1991) (1990 Act). This Court declined to dismiss the action to determine whether Coastal Council would issue a special permit to allow Lucas to build a habitable structure under the 1990 Act. Instead, we elected to dispose of the case on its merits. A majority of the Court determined that the 1988 Act sought to prevent serious public harm and thus was a permissible restriction of the use of Lucas's property. *Lucas v. S.C. Coastal Council*, 304 S.C. 376, 404 S.E. (2d) 895 (1991). Accordingly, the majority held that Lucas had not suffered a "regulatory taking" entitling him to compensation. Lucas appealed this ruling to the United States Supreme Court, and that Court granted certiorari. 502 U.S. —, 112 S.Ct. 436, 116 L.Ed. (2d) 455 (1991).

The United States Supreme Court reversed our opinion on June 29, 1992 in *Lucas v. S.C. Coastal Council*, 505 U.S. —, 112 S.Ct. 2886, 120 L.Ed. (2d) 798 (1992). The United States Supreme Court ruled that Coastal Council had advanced no State interest sufficient to justify the total regulatory taking of Lucas's land, and that, in fact, "[w]here the State seeks to sustain regulation that deprives land of all economically beneficial use, . . . it may resist compensation only if the logically antecedent inquiry into the nature of the owner's estate shows that the proscribed use interests were not part of his title to begin with." *Id.* at —, 112 S.Ct. at 2899, 120 L.Ed. (2d) at 820. The Court remanded this issue to allow Coastal Council the opportunity to "identify background principles of nuisance and property law" by which Lucas could be restrained from constructing a habitable structure on his land. *Id.* at —, 112 S.Ct. at 2901-02, 120 L.Ed. (2d) at 823.

The inquiry does not end here. The Court also noted that, pursuant to the 1990 Act, Lucas may apply for a special permit to build seaward of the baseline. Clearly, Lucas has been only temporarily deprived of the use of his land if he can obtain a special permit to construct habitable structures on his lots. The Court discerned, however, that our decision to dispose of the case on its merits "practically and legally" had precluded Lucas from asserting a claim with respect to his having been temporarily deprived of the right to build prior to the 1990 Act. Indeed, absent the Court's intervention and rever-

sal, Lucas would have been unable to obtain further state-court adjudication with respect to a temporary taking." *Id.* at —, 112 S.Ct. at 2891, 120 L.Ed. (2d) at 810. Accordingly, the remand of this case from the United States Supreme Court has created for Lucas a cause of action for the temporary deprivation of the use of his property, unless Coastal Council can demonstrate that Lucas's intended use of his land was not part of the bundle of rights inhering in his title.

We have reviewed the record and heard arguments ■ from the parties regarding whether Coastal Council possesses the ability under the common law to prohibit Lucas from constructing a habitable structure on his land. Coastal Council has not persuaded us that any common law basis exists by which it could restrain Lucas's desired use of his land; nor has our research uncovered any such common law principle. We hold that the sole issue on remand from this Court to the circuit level is a determination of the actual damages Lucas has sustained as the result of his being temporarily deprived of the use of his property.

In this regard, we grant leave to the parties to amend ■ their pleadings and present evidence of the actual damages Lucas has sustained as a result of the State's temporary nonacquisitory taking of his property without just compensation. *See, e.g., Corrigan v. City of Scottsdale,* 149 Ariz. 538, 720 P. (2d) 513, *cert. denied,* 479 U.S. 986, 107 S.Ct. 577, 93 L.Ed. (2d) 580 (1986) (limiting recovery to actual losses where regulatory taking is temporary balances public and private interests). We direct the trial judge to make specific findings of damages appropriate to compensate Lucas for his temporary deprivation of the use of his property. To this end, we do not dictate any specific method of calculating the damages for the temporary nonacquisitory taking. *Accord, Poirier v. Grand Blanc Township,* 192 Mich. App. 539, 481 N.W. (2d) 762 (1992) (no formula or artificial measure of damages applicable; amount to be recovered is generally left to discretion of trier of fact). We do find, however, that because Lucas was unable to assert a temporary taking claim until the United States Supreme Court overturned our prior disposition of the case, and because Lucas has been unable to act pending our order on remand, that Lucas has suffered a temporary taking deserving of compensation commencing with the enactment of

the 1988 Act and continuing through the date of this Order.

We are aware that, once Lucas applies for a special permit pursuant to the 1990 Act, Coastal Council could deny the special permit or place such restrictions on the permit that Lucas might contend a subsequent unconstitutional taking has occurred. We emphasize that this Order is made without prejudice to the right of the parties to litigate any subsequent deprivations which may arise as the result of Coastal Council's actions in regard to the granting or nongranting of a special permit for future construction.

It is so ordered.